OPINION
{¶ 1} Robert John Milbrandt is appealing the sentences imposed on him for child endangerment, a felony of the third degree, to which he pled guilty, and a theft charge, a felony of the fifth degree, to which he entered an Alford plea of guilty. He and his wife, Teresa, were both sentenced together in the same hearing for representing to the community that their seven-year-old daughter was suffering from various forms of leukemia and other cancers during the year 2002 as a fund-raising scheme to raise donations from friends and associates for the care of the child.
 {¶ 2} Robert raises the following two assignments of error on appeal:
 {¶ 3} "1. The trial court erred in ordering the child Endangerment and the theft sentences served consecutively.
 {¶ 4} "2. The trial court erred in ordering nonminimum sentences for the child endangerment and the theft count."
 {¶ 5} The State argues first that this court lacks jurisdiction to hear this appeal because Robert failed to seek prior leave of court for review of his consecutive sentences, as required by R.C. 2953.08(C). However, this court has already held that the prior leave requirement for that section is now superseded by App.R. 5(D), which merges the motion for leave into the error assigned, and because the section and the rule conflict, the prior leave requirement of the statute is void and with no effect. Article IV, Section 5(B), Ohio Constitution;State v. Furrow (Sept. 24, 2004), Champaign App. No. 03CA19.
 {¶ 6} As to both assignments of error, the issue is raised whether the trial court properly complied with the necessary reasons for its sentencing and its findings to support those sentences as required by State v. Comer (2003),99 Ohio St.3d 463, 2003-Ohio-4165, which required the court's reasons and findings to be set forth orally during the sentencing hearing, and not simply reserved for the journal entry of judgment in the sentence. As Comer was decided by the Supreme Court of Ohio on August 27, 2003, and the sentencing hearing in this case was held on September 24, 2003, its strictures apply to this case. We have read in full the transcript of the sentencing hearing and the presentence investigation report, and we find that the trial court made all the necessary findings and set forth its reasons, which included adopting the reasons set forth by the State orally at the sentencing hearing. Tr. 73-74, 75, Tr. 20-22. We find no point in rehashing every one of the findings set forth by the court and its reasons, including those set forth by the State during the hearing, as it would needlessly prolong this opinion. We find that the trial court amply set forth all the reasons and findings required by statute. See R.C. 2929.14 and R.C. 2929.19.
 {¶ 7} Both assignments of error are overruled and the judgment, including the sentences, is affirmed.
Wolff, J. and Grady, J., concur.