OPINION
{¶ 1} Cornelius Burnett pleaded guilty to fifth degree felony possession of cocaine. In return, the State dismissed a second charge of possession of drug paraphernalia and recommended community control sanctions rather than incarceration. After receiving a presentence investigation report, the trial court imposed an eight-month prison sentence and a six-month license suspension.
 {¶ 2} Burnett appeals, advancing two assignments of error.
 I {¶ 3} Burnett's First Assignment of Error is as follows:
 {¶ 4} "1. The trial court erred in denying appellant's motion to withdraw his plea without holding a hearing."
 {¶ 5} At the sentencing hearing, the following took place:
 {¶ 6} "THE COURT: Mr. Hart (Defense counsel), Mr. Burnett, I have reviewed a presentence investigation prepared by the Adult Probation Department. I've considered everything in this report.
 {¶ 7} "Mr. Hart, anything to add at this time?
 {¶ 8} "MR. HART: Your Honor, Mr. Burnett at this time is wishing to withdraw his plea.
 {¶ 9} "THE COURT: Mr. Burnett, an oral motion to withdraw the plea at the time of disposition does not require an evidentiary hearing when this Court has complied with Criminal Rule 11 and the plea was made knowingly, intelligently and voluntarily. The fact that you may be dissatisfied with what the Court intends to do about disposition does not warrant a withdrawal of the plea. So the motion to withdraw the plea is denied.
 {¶ 10} "Anything you want to say regarding disposition, Mr. Hart?
 {¶ 11} "MR. HART: Yes, Your Honor. We understand what the Court wants to do because of his substantial criminal record. Mr. Burnett knew that the final disposition in this case was up to this Court, but he would note that we are here at sentencing, and this was a recommended probation from the prosecutor's office . . .
 "* * * {¶ 12} "Mr. Burnett, anything you wish to say before sentence is pronounced?
 {¶ 13} "THE DEFENDANT: No, ma'am.
 {¶ 14} "MR. HART: He did have one thing he told me, Your Honor, that I haven't relayed to the Court. He knew that it's more than likely that this would be the outcome, but he wanted me to make the motion anyway, because I explained to him the outcome of the motion to withdraw and what it was, and he wanted me to make it."
 {¶ 15} In State v. Forest (Apr. 18, 2003), Montgomery App. No. 19649, 2003 WL 1894588, we discussed motions to withdraw guilty pleas made at sentencing.
 {¶ 16} "Although a defendant does not have an absolute right to withdraw his guilty plea prior to sentencing, requests to withdraw a guilty plea made before sentencing should be `freely allowed' if there exists a legitimate basis for withdrawal. State v. Xie (1992),62 Ohio St.3d 521, 584 N.E.2d 715. A hearing ordinarily is required to determine whether a legitimate basis exists for withdrawing a guilty plea. Id.
 {¶ 17} "A trial court does not abuse its discretion in denying a motion to withdraw a guilty plea (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request. State v. Peterseim (1980), 68 Ohio App.2d 211, 428 N.E.2d 863;State v. Ellison (March 20, 1998), Montgomery App. No. 16535.
 {¶ 18} "Appellate review of a trial court's decision granting or denying a motion to withdraw a guilty plea is limited to determining whether the trial court abused its discretion. Xie, supra. An abuse of discretion connotes more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. State v. Adams (1980), 62 Ohio St.2d 151,404 N.E.2d 144.
 {¶ 19} "Defendant claims that the trial court abused its discretion because it did not afford him an evidentiary hearing on his plea withdrawal request, and therefore did not give full and fair consideration to that request. We disagree.
 {¶ 20} "This court has previously held that trial court's inviting and hearing oral arguments on a motion to withdraw a guilty plea at the sentencing hearing, immediately before sentence is imposed, can constitute a full and fair hearing on that motion. State v. Holloman
(June 22, 2001), Greene App. No. 2000CA82; State v. Mooty (August 31, 2001), Greene App. No. 2000CA72, 2001 Ohio 1464. That is the case here.
 {¶ 21} "The trial court provided both Defendant and his counsel with an opportunity to state the reasons why Defendant wanted to withdraw his guilty plea. Defendant stated that he was not satisfied with his attorney's services, but in only very general terms. However, and as the trial court noted, Defendant's statements support a conclusion that the true reason why Defendant wanted to withdraw his guilty plea was because he had a `change of heart,' one prompted by his dissatisfaction with the sentence the court might impose, a term of imprisonment rather than probation. That is not a legitimate basis for withdrawing a guilty plea when Defendant understood, at the time he entered his plea, the minimum and maximum sentences that could be imposed and that no particular sentence, including probation, had been promised to him. Wallace, supra;State v. Lambros (1988), 44 Ohio App.3d 102, 541 N.E.2d 632."
 {¶ 22} In Forest, we concluded that the Peterseim requirements were fully satisfied. Here, as the above-quoted portions of the sentencing hearing transcript demonstrate, Peterseim was not fully complied with because the trial court overruled the motion before hearing from counsel or Burnett as to the basis of the motion to withdraw the guilty plea. InForest, the trial court heard the defendant before overruling his motion.
 {¶ 23} An opportunity to be heard with respect to a motion to withdraw a guilty plea requires, at a bare minimum, an opportunity to inform the trial court of the basis for the motion. It may well be that Burnett's basis for the motion was merely that he was unhappy with the sentence that he understood was likely to be imposed, which would be a mere change of heart, not justifying relief. But we are unwilling to assume the basis for Burnett's motion when the trial court did not allow Burnett to state that basis for the record.
 {¶ 24} As the State notes, Burnett was represented by experienced counsel, who did not, during the disposition phase of the hearing, which immediately followed the trial court's summary denial of the motion to withdraw, indicate what the basis for the motion to withdraw would have been, had Burnett been allowed a hearing upon the motion. But experienced defense counsel is understandably reluctant to seek to re-open an issue that the trial court has emphatically foreclosed, just as the trial court is about to exercise its discretion to determine an appropriate sentence. This is not a good time to risk irritating a trial judge who has already, and abruptly, ruled upon the motion to withdraw the plea.
 {¶ 25} Burnett's First Assignment of Error is sustained.
 II {¶ 26} Burnett's Second Assignment of Error is as follows:
 {¶ 27} "2. The terial [sic] Court failed to comply with the dictates of rule 11 in determining whether or not appellant's plea was voluntary."
 {¶ 28} Burnett first claims under this assignment that the trial court failed to inform him that he had a right to a jury trial, a right to waive it, and that he waived his right to a jury trial by pleading guilty. Having failed to properly inform him, the argument continues, the trial court did not properly ascertain that his plea was voluntary.
 {¶ 29} Crim.R. 11(C)(1)(c) requires the trial court to inform a defendant and determine that the defendant understands that a guilty or no contest plea waives the right to a jury trial.
 {¶ 30} The dialogue between the trial court and Burnett as it pertained to the right to trial by jury was as follows:
 {¶ 31} "THE COURT: All right. When you plead guilty, there will be no jury where 12 people would decide if you're guilty or not guilty. Understood?
 {¶ 32} "THE DEFENDANT: Yes, ma'am."
 {¶ 33} In our judgment, this exchange satisfied Crim.R. 11(C)(1)(c).
 {¶ 34} Furthermore, Burnett, who told the trial court he'd gone "all the way" when asked how far he'd gone in school, signed an entry of waivers and plea on indictment wherein he expressly waived his right to a jury trial.
 {¶ 35} The record reflects no lack of understanding or voluntariness as it pertains to waiver of trial by jury.
 {¶ 36} Burnett's second contention under this assignment is that his plea was not knowingly, intelligently, or voluntarily entered because at sentencing — four weeks after the guilty plea was entered — the prosecutor had forgotten that she had recommended community control sanctions and the trial court recalled that the prosecutor did not oppose community control sanctions. Burnett claims the prosecutor's "failure to reinforce the recommendation (of community control at sentencing) is an indication of the Prosecution's bad faith." He does not claim that the trial court reneged on its commitment at the plea proceeding to consider community control.
 {¶ 37} After the trial court overruled the motion to withdraw guilty plea, defense counsel reminded the court that the prosecutor had recommended community control. Although the trial court stated it recalled that the State did not oppose community control, the prosecutor who had recommended community control four weeks earlier stated that, although she had no present recollection of the recommendation, "I have no reason to doubt the veracity of . . . Mr. Hart (defense counsel)." Thus, there was no backpedaling on the recommendation of community control by the State, the prosecutor having supported what defense counsel said she had recommended when Burnett entered his plea. The prosecutor's current lack of recall hardly amounted to, or indicated, bad faith.
 {¶ 38} It is also clear from the record that the trial court considered community control, but decided against it based on Burnett's considerable criminal record.
 {¶ 39} Although at sentencing the trial court did not recall the State's recommendation of community control, the transcripts in this case satisfy us that Burnett was aware that a term of imprisonment was a genuine possibility when he entered his guilty plea and that he pleaded guilty knowingly, intelligently, and voluntarily.
 {¶ 40} The second assignment of error is overruled.
 III {¶ 41} Burnett's First Assignment of Error having been sustained, and his Second Assignment of Error having been overruled, the trial court's order denying Burnett's motion to withdraw his plea is Reversed, the judgment of the trial court is Affirmed in all other respects, and this cause is Remanded for reconsideration of Burnett's motion to withdraw his guilty plea. Since his motion to withdraw his plea was originally made before sentencing, albeit just before, on remand, the trial court should exercise the more liberal discretion afforded under Crim.R. 32.1 for pre-sentence motions.
GRADY, J., concurs.