OPINION
{¶ 1} Kyle Bush appeals from his conviction and sentence following guilty pleas to charges of engaging in a pattern of corrupt activity, conspiracy to engage in a pattern of corrupt activity, burglary (four counts), attempted burglary, receiving stolen property, and possession of criminal tools.
 {¶ 2} In his sole assignment of error, Bush contends the trial court erred in overruling his presentence motion to withdraw the guilty pleas.
 {¶ 3} The record reflects that Bush was arrested along with two other individuals, Michael T. Lewis and Joseph L. Johnson, and charged in connection with a rash of Greene County burglaries. Bush subsequently moved to suppress the evidence against him. After a hearing on his motion but before the trial court rendered a decision, Bush withdrew the motion and entered guilty pleas to all charges.
 {¶ 4} As part of a plea agreement, the State recommended that Bush be sentenced to three years in prison for engaging in a pattern of corrupt activity, and that he receive community control on all other counts. In a petition to enter the guilty pleas, Bush acknowledged that the maximum sentence he could receive for the charged offenses was forty-five years in prison. He also acknowledged that the actual sentence he would receive was "solely a matter within the control of the [j]udge," and that he was "prepared to accept any punishment permitted by law[.]"
 {¶ 5} The trial court later conducted a plea hearing during which it engaged in the following exchange with Bush regarding the State's sentencing recommendation:
 {¶ 6} THE COURT: "Now, this is a very important thing to consider. The State has made a recommendation and taken a position in this case. The Court may very well agree with the plea bargain and I may impose exactly the agreement that the plea bargain indicates. However, you need to clearly understand that by entering a plea of guilty this Court offers no promise or guarantee as to what disposition I will do in this particular case. I may agree with it, I may disagree against it and I may impose some other disposition. Do you understand that?"
 {¶ 7} THE DEFENDANT: "Yes, sir, I do."
(Plea hearing transcript at 14).
 {¶ 8} Following a presentence investigation, the trial court commenced a dispositional hearing on September 29, 2004. At the outset of the hearing, Bush moved to withdraw his guilty pleas. In support of the request, he stated that he entered the guilty pleas because he "thought" and "was under the impression" that he would receive a three-year-sentence with a period of community control to follow. Prior to the hearing, however, he had learned that the presentence investigation report recommended a nine-year sentence. Bush asserted that he would not have entered the guilty pleas if he had known that he was likely to receive a nine-year sentence rather than a three-year sentence. In addition, defense counsel argued that the specificity of the plea agreement made Bush's expectation of a three-year sentence particularly understandable and reasonable.
 {¶ 9} After affording Bush the opportunity to speak and to present any evidence that he wished, the trial court overruled the motion to withdraw his guilty pleas. It then sentenced him to nine years in prison for engaging in a pattern of corrupt activity, along with shorter concurrent sentences for the other charges. This timely appeal followed.
 {¶ 10} As noted above, the only issue before us is whether the trial court should have permitted Bush to withdraw his guilty pleas. We review a trial court's decision denying a motion to withdraw a guilty plea for an abuse of discretion. State v. Xie (1992), 62 Ohio St.3d 521, 526. An abuse of discretion connotes more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. State v. Adams (1980), 62 Ohio St.2d 151.
 {¶ 11} Although a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing, such requests should be freely allowed if a "legitimate basis" for withdrawal exists. Xie,
supra, at 527. A trial court does not abuse its discretion in denying a motion to withdraw a guilty plea (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request. State v. Burnett, Montgomery App. No. 20496, 2005-Ohio-1036, at ¶ 17 (citations omitted).
 {¶ 12} With the foregoing requirements in mind, we find no abuse of discretion in the trial court's decision to overrule Bush's motion to withdraw his pleas. Bush does not dispute that he was represented by highly competent counsel. Nor does he dispute that he was afforded a full Crim.R. 11 plea hearing during which the trial court stressed its discretion to accept or reject the sentencing recommendation contained in the plea agreement. With regard to the other two considerations, Bush also admits that the trial court afforded him "ample opportunity to argue why his plea should be rescinded" and that it was not prejudiced against him in any way.[1]
 {¶ 13} Bush nevertheless asserts that the entire process was "unfair" because he and his attorney were "pretty certain" based on "the nature of the plea negotiations" that he would receive a three-year prison sentence. In support of his claim that he was justified in relying on a three-year sentence when he entered his pleas, Bush cites three facts: (1) he withdrew what he believed was a meritorious motion to suppress in order to enter the plea agreement, (2) the plea agreement provided for "a sentence for a set number of years combined with a suspended sentence of another specific term, in contrast to the typical bargained for sentence of unspecified sentences," and (3) he pleaded guilty to all of the charges against him in expectation of a three-year sentence rather than bargaining for guilty pleas on fewer counts.
 {¶ 14} Upon review, we are unpersuaded by Bush's arguments. Even if the foregoing facts reasonably caused Bush to believe that he would receive a three-year sentence, he does not dispute that he was not promised such a sentence. To the contrary, he expressly acknowledged, in both his plea petition and during the plea hearing, that the trial court remained free to impose any sentence authorized by law.
 {¶ 15} The bottom line is that Bush entered his guilty pleas in anticipation of receiving a three-year prison sentence, and his attempt to withdraw the pleas stemmed from his discovery that the trial court likely would impose a harsher sentence. Bush conceded this point at the dispositional hearing when he attempted to withdraw his pleas. But we consistently have held that a defendant's discovery of his probable sentence is not a "legitimate basis" for withdrawing a guilty plea, particularly when the defendant understood, at the time of his plea, the potential sentence that could be imposed and that no particular sentence could be promised. Burnett, supra, at ¶ 21 (citing cases); see alsoState v. Davis (Jan. 5, 2001), Montgomery App. No. 18172 ("A change of heart has been deemed insufficient to justify the withdrawal of a plea. * * * This is especially true where the change of heart is based, as here, upon the defendant's learning what sentence the trial court is going to impose.") (citations omitted). Consequently, we find no abuse of discretion in the trial court's denial of Bush's motion.
 {¶ 16} Bush's assignment of error is overruled, and the judgment of the Greene County Common Pleas Court is hereby affirmed.
Fain, J., and Donovan, J., concur.
[1] We previously have held that a trial court may satisfy the requirement for a full and fair hearing on a motion to withdraw a plea by allowing the defendant and his attorney to speak at a sentencing hearing and to explain the basis for the motion. Burnett, supra, at ¶ 20-21 (citing cases).