OPINION
{¶ 1} Shawn D. Kendrick appeals from his conviction and sentence following guilty pleas to seven counts of rape.
 {¶ 2} Kendrick advances five assignments of error on appeal. First, he contends the trial court erred in overruling part of a motion to dismiss the charges against him on statute-of-limitation grounds. Second, he raises an ineffective assistance of counsel claim based on his trial attorney's recommendation that he plead guilty. Third, he asserts that the trial court erred in overruling a presentence motion to withdraw his guilty pleas. Fourth, he claims the trial court erred in overruling a motion to sever some of the charges against him for a separate trial. Fifth, he asserts that the trial court erred in imposing maximum and consecutive sentences.
 {¶ 3} The record reflects that Kendrick was charged in three separate indictments with seventeen counts of rape, three counts of aggravated robbery, five counts of kidnapping, and three counts of abduction. The crimes occurred in 1993, 1995, and 1996 — years before Kendrick's indictment. He was identified as the perpetrator through more recent advances in DNA technology.
 {¶ 4} Following Kendrick's indictment, he filed a variety of motions, including a motion to dismiss on statute-of-limitation grounds, a motion to suppress evidence, and a motion to sever some of the charges for trial. The trial court sustained the motion to dismiss with respect to the abduction charges but overruled it as to the other charges. The trial court also overruled the motion to suppress and the motion to sever.
 {¶ 5} Prior to trial, Kendrick and the State engaged in on-going plea negotiations. At one point, Kendrick rejected an offer to plead guilty to five counts of rape with an agreed sentence of fifty years or, alternatively, to plead no contest to eight counts of rape with no sentencing recommendation. The State also rejected Kendrick's proposal that he plead no contest to five counts of rape. Kendrick later rejected a second plea offer under which he would have been required to plead guilty to six counts of rape with an agreed sentence of fifty years and parole eligibility after fifteen years.
 {¶ 6} The matter proceeded to trial on January 24, 2005. Shortly after the trial began, however, Kendrick agreed to plead guilty to seven counts of rape, without any sentencing recommendation, in exchange for the dismissal of all other charges. The trial court conducted a Crim.R. 11 plea hearing and accepted the pleas. Thereafter, Kendrick filed a presentence motion to withdraw the pleas. Following an evidentiary hearing, the trial court overruled Kendrick's motion. He subsequently was sentenced to five consecutive terms of ten to twenty-five years in prison and one concurrent term of ten to twenty-five years in prison. A seventh ten-year prison term was ordered to be served consecutively to the foregoing terms.[1] This timely appeal followed.
 {¶ 7} For purposes of our analysis, we turn first to Kendrick's third assignment of error. There he contends the trial court erred in overruling his presentence motion to withdraw his guilty pleas. We review the trial court's ruling on Kendrick's motion for an abuse of discretion. State v. Xie (1992),62 Ohio St.3d 521, 526. An abuse of discretion implies an arbitrary, unreasonable, or unconscionable attitude on the part of the trial court. State v. Adams (1980), 62 Ohio St.2d 151.
 {¶ 8} Although a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing, such a request should be granted freely if a "legitimate basis" for withdrawal exists.Xie, supra, at 527. However, a trial court does not abuse its discretion in overruling a presentence motion to withdraw a guilty plea (1) where the accused is represented by highly competent counsel, (2) where the accused received a full Crim.R. 11 hearing before entering his plea, (3) where, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the withdrawal request, and (4) where the record reveals that the trial court gave full and fair consideration to the request. State v. Forest, Montgomery App. No. 19649, 2003-Ohio-1945, at ¶ 16; State v. Bush, Greene App. No. 2004C-A-106, 2005-Ohio-4492, at ¶ 11, citing State v.Burnett, Montgomery App. No. 20496, 2005-Ohio-1036, at ¶ 17.
 {¶ 9} With the foregoing standards in mind, we find no abuse of discretion in the trial court's ruling. During the plea withdrawal hearing, Kendrick testified that when he entered his guilty pleas he did not understand the concepts of consecutive and concurrent sentencing. He added that the had been confused about whether parole eligibility would occur after fifteen or twenty-five years in prison. He also explained that he had entered the guilty pleas out of frustration with defense counsel's failure to file motions that he requested and failure to provide him with evidence obtained through discovery.
 {¶ 10} Kendrick's trial counsel, Victor Hodge, also testified at the hearing. He stated that he had explained the concepts of consecutive and concurrent sentencing. Hodge also testified that he had advised Kendrick parole eligibility would arise after fifteen years on the pre-Senate Bill 2 counts, but his actual release could be delayed by up to another ten years if the trial court imposed a consecutive sentence on one post-Senate Bill 2 rape charge. In addition, Hodge explained that he had discussed the case with Kendrick and various family members. Hodge also stated that he and Kendrick had reviewed and discussed the evidence, but he had counseled against Kendrick retaining it at the jail. Finally, Hodge testified that he had no recollection of Kendrick wanting any motions filed.
 {¶ 11} After hearing testimony on the plea issue, the trial court found (1) that attorney Hodge was a highly competent practitioner with particular expertise in DNA evidence, (2) that Kendrick had received a full plea hearing in compliance with Crim.R. 11, (3) that Kendrick had received a complete and impartial hearing on his plea-withdrawal motion, and (4) that the court had done its best to give full and fair consideration to the plea-withdrawal request. The trial court then concluded that Kendrick had not demonstrated a legitimate basis for withdrawing his guilty pleas. In reaching this conclusion, the trial court appears to have believed the testimony of attorney Hodge. It held that Kendrick's motion was motivated by a simple "change of heart," which is not an adequate basis to withdraw a plea.
 {¶ 12} Having reviewed a transcript of the Crim.R. 11 plea hearing and the subsequent plea-withdrawal hearing, we find no abuse of discretion in the trial court's denial of Kendrick's motion. The trial court provided a detailed explanation of attorney Hodge's particular competence to handle this case. In addition, the record reveals that Kendrick received a proper Crim.R. 11 hearing during which no concerns with Hodge's performance were raised. The record also persuades us that the trial court provided Kendrick with a complete and impartial hearing on his plea-withdrawal request and gave his motion full and fair consideration. In the end, the trial court simply concluded that Kendrick had not demonstrated a legitimate basis to withdraw his guilty pleas, and we find no abuse of discretion in that determination.
 {¶ 13} On appeal, Kendrick raises an additional argument, suggesting that the trial court should have allowed him to withdraw his guilty pleas and enter no-contest pleas to preserve his right to appeal rulings on pretrial motions. We reject this argument for two independent reasons. First, it was not raised in the trial court as a basis for the plea-withdrawal request. Second, as we will discuss below in our analysis of Kendrick's second assignment of error, entering no-contest pleas was not consistent with the terms of the parties' plea agreement.
 {¶ 14} Kendrick also argues that a plea must be vacated if a defendant enters it based on his receipt of erroneous legal advice about the appealability of pretrial rulings. In support, he cites State v. Engle, 74 Ohio St.3d 525, 1996-Ohio-179, andState v. Vaughn, Carroll App. No. 683, 2003-Ohio-7023. Upon review, we find both cases to be distinguishable. In Engle, the record reflected that defense counsel, the prosecutor, and the trial court all had a mistaken belief that a no-contest plea would preserve the defendant's ability to appeal a ruling on a motion in limine. The record also revealed that the defendant's no-contest plea was predicated on this erroneous belief. Under these circumstances, the Ohio Supreme Court held that the no-contest plea was not made knowingly or intelligently. Relying on Engle, the Seventh District reached the same conclusion under similar circumstances in Vaughn.
 {¶ 15} Unlike Engle and Vaughn, however, the record in the present case does not reflect that anyone told Kendrick a guilty plea would preserve his ability to challenge the trial court's various pretrial rulings on appeal. In opposition to this conclusion, Kendrick cites a comment made by the trial court during a hearing on his pretrial motion to suppress. At one point in the hearing, the trial court stated that it would give defense counsel an opportunity "to proffer into the record what you believe [an individual's] testimony would have been, so that is preserved for the record." Kendrick contends this statement reveals that everyone believed he would have the ability to challenge the trial court's pretrial rulings on appeal.
 {¶ 16} At the time of the trial court's statement, of course, Kendrick did have the right to challenge the trial court's pretrial rulings on appeal. The trial court made its remark during a suppression hearing that occurred long before Kendrick entered his guilty pleas. We find nothing in the comment to suggest that Kendrick still would have the right to challenge the trial court's pretrial rulings even if he later entered guilty pleas. Therefore, the present case is distinguishable fromEngle and Vaughn, where the record demonstrated that the pleas were predicated on mistaken information about the appealability of certain issues. Kendrick's third assignment of error is overruled.
 {¶ 17} Our resolution of the plea-withdrawal issue also disposes of Kendrick's first and fourth assignments of error. Those assignments of error address the trial court's partial denial of his motion to dismiss on statute-of-limitation grounds and its denial of his motion to sever certain counts for a separate trial. It is well settled, however, that "`[a] plea of guilty operates as waiver of claimed errors of the trial court in overruling pretrial motions.'" State v. Graves, Montgomery App. No. 20818, 2005-Ohio-5579, quoting State v. Mastice (June 8, 1987), Montgomery App. No. 10154. As a result, we overrule Kendrick's first and fourth assignments of error.
 {¶ 18} In his second assignment of error, Kendrick raises an ineffective assistance of counsel claim. In support, he contends his trial counsel improperly advised him to plead guilty rather than no-contest, resulting in the waiver we discussed above. Kendrick insists that "there was no professional reason" for his attorney to advise him to enter guilty pleas.
 {¶ 19} We review Kendrick's claim under the two-part test ofStrickland v. Washington (1984), 466 U.S. 668. "To obtain a reversal of a conviction on the basis of ineffective assistance of counsel, the defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." State v. Madrigal,87 Ohio St.3d 378, 388-389, 2000-Ohio-448. When evaluating an ineffective assistance of counsel claim, "[j]udicial scrutiny of counsel's performance must be highly deferential." Strickland, supra, at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 20} In the present case, we cannot agree that defense counsel's performance fell below an objective standard of reasonableness. Although Kendrick's guilty pleas waived his ability to raise certain issues on appeal, we believe counsel's recommendation to enter the pleas was reasonable. In reaching this conclusion, we note that the plea agreement, which resulted in the dismissal of multiple charges, called for Kendrick to plead guilty to the remaining charges. Nothing in the record indicates that the State would have agreed, at the time of the change-of-plea hearing, to dismiss some charges in exchange for no-contest pleas. In our view, defense counsel reasonably may have determined that entering guilty pleas pursuant to a plea agreement was the best course to follow even though it limited the scope of issues Kendrick could raise on appeal. Having found no deficient representation by Kendrick's trial counsel, we overrule his second assignment of error.
 {¶ 21} In his fifth assignment of error, Kendrick claims the trial court erred in imposing maximum and consecutive sentences. In support of this argument, Kendrick cites the post-Senate Bill 2 statutory provisions governing the imposition of maximum and consecutive sentences. He then suggests, with no supporting analysis, that our own review of these provisions will demonstrate the impropriety of the sentences he received.
 {¶ 22} Upon review, we find no merit in Kendrick's argument. He was convicted of six rapes that occurred prior to July 1, 1996, and one rape that occurred after July 1, 1996. For the rapes that occurred prior to July 1, 1996, the sentencing provisions Kendrick cites have no applicability. State v. Rush,83 Ohio St.3d 53, 1998-Ohio-423. Although those sentencing provisions do apply to the one rape that occurred after July 1, 1996, we note that the trial court made the necessary findings and gave reasons to support the imposition of a consecutive, ten-year prison term.
 {¶ 23} In conclusory fashion, Kendrick merely disputes the trial court's determination that a consecutive, ten-year term was necessary and appropriate. Having reviewed the record, however, we conclude that the record supports the trial court's findings and that Kendrick's sentence is not contrary to law. See R.C. §2953.08(G)(2). Accordingly, we overrule his fifth assignment of error and affirm the judgment of the Montgomery County Common Pleas Court.
Judgment affirmed.
Fain, J., and Donovan, J., concur.
[1] The indeterminate sentences were imposed under pre-Senate Bill 2 sentencing law for rapes committed prior to July 1, 1996. The determinate ten-year sentence was for a rape committed after July 1, 1996.