OPINION
{¶ 1} Defendant, Robert Milbrandt, appeals from an order of the trial court overruling Milbrandt's Crim.R. 32.1 motion to withdraw his pleas of guilty to child endangering, R.C. 2919.22(A), and theft, R.C.2913.02(A)(3). *Page 2 
 {¶ 2} Milbrandt and his wife, Teresa, concocted a fraudulent scheme to bilk money out of persons in Urbana. The Milbrandts put out a false story that their seven year old daughter, Hannah, was suffering from Leukemia and other forms of cancer, in order to obtain donations to pay the costs of medical care Hannah required. The Milbrandts even went so far as to administer medications to Hannah that produced conditions consistent with symptoms of cancer, and they shaved their daughter's head to demonstrate that she was undergoing cancer treatment. The Milbrandts collected thousands of dollars from their hoax before it was discovered.
 {¶ 3} Teresa and Robert Milbrandt were charged with multiple criminal offenses, and Hannah was removed from their custody and placed in foster care. Teresa was convicted on her guilty pleas. Robert, who had consistently claimed that he, likewise, was duped by Teresa, entered negotiated guilty pleas to theft and child endangering. The State dismissed fourteen other charges against him. Milbrandt entered his plea to theft pursuant to the rule of North Carolina v. Alford (1970),400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, claiming that he had been unaware that his wife's reports that their daughter suffered from cancer were false. The trial court sentenced Milbrandt to consecutive prison terms of *Page 3 
eleven months for theft and four years for child endangering.
We affirmed Milbrandt's convictions and sentences on direct appeal.State v. Milbrandt, Champaign App. No. 2003-CA-40, 2004-Ohio-5798.
 {¶ 4} On April 29, 2005, twenty months after entering his guilty pleas, Milbrandt filed a Crim.R. 32.1 motion to withdraw his guilty pleas on a claim of ineffective assistance of counsel. Milbrandt contended that his counsel had induced him to enter his guilty pleas on a misrepresentation that his best opportunity to remove his daughter from foster care by obtaining custody of her was to enter guilty pleas, and that he entered his pleas only for that reason, rendering them less than knowing and voluntary. Milbrandt's motion was supported by his own affidavits and by affidavits of his mother, sister, and brother.
 {¶ 5} The trial court reviewed the contentions in Milbrandt's motion and the attached affidavits, and found that the grounds for relief portrayed fail to satisfy the manifest injustice standard that Crim.R. 32.1 imposes on a motion to withdraw a plea of guilty or no contest after sentence has been imposed. (Dkt. 97). Milbrandt filed a timely notice of appeal.
 ASSIGNMENT OF ERROR *Page 4 
 {¶ 6} "THE TRIAL COURT ERRED IN DENYING AN EVIDENTIARY HEARING WHERE THE ALLEGATIONS IN APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA INCLUDED CLAIMS THAT THE PLEA WAS MOTIVATED BY UNFOUNDED SUGGESTIONS MADE BY HIS COUNSEL OUTSIDE THE RECORD."
 {¶ 7} Milbrandt argues that because the facts alleged in support of his motion to withdraw his guilty pleas would satisfy the manifest injustice standard, the trial court erred when it denied his motion to withdraw his guilty pleas without a hearing. We do not agree.
 {¶ 8} A defendant who seeks to withdraw his guilty plea after sentence has been imposed has the burden of establishing the existence of "manifest injustice." Crim.R. 32.1; State v. Smith (1977),49 Ohio St.2d 261. That requires a showing of extraordinary circumstances.Smith. A manifest injustice comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through any form of application reasonably available to him. State v. Hartzell (August 20, 1999), Montgomery App. No. 17499.
 {¶ 9} Defendant's claim of manifest injustice in this case alleges ineffective assistance of counsel. When a defendant pleads guilty, a claim of ineffective assistance of counsel *Page 5 
may be grounds for vacating his plea only to the extent that counsel's ineffectiveness makes the plea less than knowing and voluntary.State v. Talley (January 30, 1998), Montgomery App. No. 16479; State v.Xie (1992), 62 Ohio St.3d 512, 514. A defendant must show a strong probability that but for trial counsel's deficient performance, the defendant would not have pled guilty. State v. Hall, Clark App. No. 06-CA-78, 95, 2007-Ohio-4203.
 {¶ 10} We review the trial court's decision denying a motion to withdraw a guilty plea using an abuse of discretion standard. State v.Bush, Greene App. No. 2004-CA-106, 2005-Ohio-4492. An abuse of discretion means more than a mere error of law of an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. Id.
 {¶ 11} Where a motion to withdraw a plea of guilty or no contest presents substantive grounds for relief that depend on facts that cannot be determined by reference to the record, an evidentiary hearing is required. State v. Milanovich (1975), 42 Ohio St.2d 46. Milbrandt contends that substantive grounds for relief are presented by his motion because the facts concerning his attorney's representations alleged in the attached affidavits demonstrate that those representations *Page 6 
were false, there being nothing in the record to show that the prosecutor or any other authority had promised or even suggested that consideration would be given to Milbrandt's subsequent request to obtain custody of Hannah should he enter guilty pleas.
 {¶ 12} Milbrandt alleged in his affidavit that he was distraught that Hannah was in foster care, that his attorney told him that "I should plead guilty in this case because it would be the quickest way I could get my daughter back," and that "[h]ad I not been upset about my daughter, I would not have pled guilty."
 {¶ 13} The affidavits of his mother, brother and sister attached to Milbrandt's motion corroborate his claims of distress and his motivation for entering his guilty pleas, but contain no allegations concerning any representations his attorney made that induced Milbrandt to plead guilty. Their only reference is to an alleged promise his attorney made after sentence was imposed to seek or obtain judicial release and, following Milbrandt's release, imposition of community control sanctions.
 {¶ 14} Assuming that Milbrandt's attorney gave Milbrandt the advice on which he claims he relied, the motion nevertheless fails to demonstrate substantive grounds for *Page 7 
relief.
 {¶ 15} A claim of ineffective assistance of counsel requires a showing that, as a result of his attorney's performance, a defendant was deprived of a substantive or procedural right to which the adversarial testing process of a trial entitles him. Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; Lockhart v.Fretwell (1993), 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180. The substantive rights of a trial which a criminal defendant waives when he enters a plea of guilty or no contest are his constitutional privilege against compulsory self-incrimination, his right to a jury trial, his right to confront his accusers, and his right to compulsory process of witnesses. State v. Ballard (1981), 66 Ohio St.2d 473. The procedural rights are those identified in Crim.R. 11(C) when the plea or pleas is to a felony offense. Compliance with Crim.R. 11(C) creates a presumption that a defendant's waiver of his constitutional rights is knowing, intelligent, and voluntary.
 {¶ 16} Milbrandt relies on State v. Moore (Feb. 18, 2000), Clark App. No. 99CA47, in which we held that the showing of prejudice required byStrickland, which is a strong probability that a defendant would not have pled but for *Page 8 
counsel's deficient performance, does not apply to the grounds offered in support of a presentence Crim.R. 32.1 motion to withdraw the plea, because State v. Xie holds that such motions should be "freely allowed." The Xie standard does not apply to Crim.R. 32.1 motions filed after sentence is imposed, as Milbrandt's was. The applicable "manifest injustice" standard reasonably corresponds to the similarly high burden of proof Strickland imposes.
 {¶ 17} Even if Milbrandt's reliance on his attorney's advice concerning regaining custody of his daughter was in hindsight misplaced, as Milbrandt claims, poor advice from an attorney doesn't render a defendant's decision to enter a plea of guilty or no contest less than knowing, intelligent, and voluntary when the advice concerns a matter collateral to either the waiver of rights the plea involves or the procedure for entering the plea. Then, the advice is merely another matter that enters a defendant's calculus to elect to enter the plea, and misapprehension of his calculus to enter a plea of guilty or no contest does not render the plea less than knowing, intelligent, and voluntary.
 {¶ 18} The poor advice that Milbrandt claims his attorney gave him was collateral to Milbrandt's understanding of the offenses to which he entered guilty pleas, the prospective *Page 9 
sentence the court could impose, the rights he was waiving and the procedure for waiving them. Therefore, even if the advice was given, and was poor advice, it does not rise to the level of ineffective assistance of counsel. Failing that, no hearing was required to determine the merits of the motion Milbrandt filed, because a manifest injustice is not portrayed, and the trial court did not abuse its discretion when it denied the motion without a hearing.
 {¶ 19} The assignment of error is overruled. The judgment of the trial court will be affirmed.
 FAIN, J. And DONOVAN, J., concur. *Page 1