[Cite as *State v. Davidson*, 2017-Ohio-1505.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| JIMMY JOE DAVIDSON | : | Case No. CT2017-0014 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common
Pleas, Case No. CR2015-0229



JUDGMENT:    Affirmed



DATE OF JUDGMENT:    April 21, 2017



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

GERALD V. ANDERSON, II            JIMMY DAVIDSON, Pro Se
27 North Fifth Street                      Inmate No. A723-635
P.O. Box 189                                Noble Correctional Institution
Zanesville, OH  43702-0189          15708 McConnelsville Road
                                                    Caldwell, OH  43724

*Wise, Earle, J.*

{¶ 1}  Defendant-Appellant, Jimmy Davidson, appeals the February 6, 2017 judgment entry of the Court of Common Pleas of Muskingum County, Ohio, denying his motion to withdraw his guilty plea.  Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  On July 29, 2015, the Muskingum County Grand Jury indicted appellant on three counts of trafficking in drugs (cocaine) in violation of R.C. 2925.03, two counts of corrupting another with drugs in violation of R.C. 2925.02, and two counts of possession of drugs (cocaine and Hydrocodone) in violation of R.C. 2925.11.

{¶ 3}  On January 11, 2016, appellant pled guilty to two of the trafficking counts, one a felony in the first degree and one a felony in the third degree, and one of the corrupting counts, a felony in the second degree.  By entry filed March 3, 2016, the trial court sentenced appellant to an aggregate term of four years in prison.

{¶ 4}  On February 2, 2017, appellant filed a pro se motion to withdraw his guilty plea, claiming his counsel created a manifest injustice in his case because there was no evidence that the weight of the actual cocaine met the statutory threshold for enhancement.  By journal entry filed February 6, 2017, the trial court denied the motion.

{¶ 5}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 6}  "APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL DUE TO DEFENSE COUNSEL'S ERRONEOUS ADVICE THAT HE ENTER GUILTY PLEAS TO ENHANCED-DEGREE FELONIES FOR TRAFFICKING IN DRUGS

(COCAINE) BASED ON GROSS WEIGHT THAT INCLUDED OTHER MATERIAL, INSTEAD OF THE WEIGHT OF ACTUAL COCAINE, IN VIOLATION OF HIS RIGHT TO DUE PROCESS."

II

{¶ 7}   "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT['S] MOTION TO WITHDRAW HIS GUILTY PLEA WHEN A CLEAR MANIFEST INJUSTICE HAD BEEN SHOWN BY THE RECORD AND DOCUMENTATION."

I

{¶ 8}   In his first assignment of error, appellant claims his trial counsel was ineffective by giving him erroneous advice regarding his guilty pleas.  We disagree.

{¶ 9}   The standard this issue must be measured against is set out in *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.  Appellant must establish the following:

2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.  (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a

reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶ 10} Appellant was charged with three counts of trafficking in drugs, two counts of corrupting another with drugs, and two counts of possession of drugs. He pled guilty to two of the trafficking counts, one in the first degree (exceeds twenty-seven grams but less than one hundred grams) and one in the third degree (exceeds ten grams but less than twenty grams), and one of the corrupting counts, a felony in the second degree. Three offenses in the second degree and one offense in the fifth degree were dismissed. By entry filed March 3, 2016, the trial court sentenced appellant to concurrent sentences for an aggregate term of four years in prison.

{¶ 11} Appellant argues his trial counsel "failed to appraised (sic) him of the correct statutory weight thresholds of the trafficking in drugs offenses in R.C. 2925.03(C)(4), thus advised him to enter guilty pleas to first and third degree felony trafficking in cocaine when it was a fifth degree trafficking in cocaine offense Appellant committed." Appellant's Brief at 5. Appellant argues evidence was not presented to establish the weight of the actual cocaine met the statutory threshold for enhancement.

{¶ 12} In support of his argument, appellant cites the case of *State v. Gonzales,* ___ Ohio St.3d ___, 2016-Ohio-8319, ___ N.E.3d ___ (*"Gonzales I"*), ¶ 22, wherein the Supreme Court of Ohio held: "[I]n prosecuting cocaine-possession offenses under R.C. 2925.11(C)(4)(b) through (f) involving mixed substances, the state must prove that the weight of the actual cocaine, excluding the weight of any filler materials, meets the statutory threshold."

{¶ 13} However, upon reconsideration, the Supreme Court of Ohio reversed itself and held: "Giving effect to the statute as a whole and to the intent of the legislature as expressed in the words of the statute, we conclude that the applicable offense level for cocaine possession under R.C. 2925.11(C)(4) is determined by the total weight of the drug involved, including any fillers that are part of the usable drug." *State v. Gonzales,* ___ Ohio St.3d ___, 2017-Ohio-777, ___ N.E.3d ___ (*"Gonzales II"*).

{¶ 14} While the *Gonzales* cases involved possession offenses under R.C. 2925.11, this case involved trafficking offenses under R.C. 2925.03, although we note the initial "degree of felony language" in each corresponding subsection (C)(4) is similar.

{¶ 15} Appellant pled guilty on January 11, 2016. The opinion in *Gonzales I* was filed on December 23, 2016, over eleven months after appellant's plea. Appellant's trial counsel did not have the benefit of the *Gonzales I* opinion when he counseled appellant on the plea. Furthermore, as noted, the *Gonzales I* opinion was reversed on reconsideration.

{¶ 16} Appellant also seems to make a specious argument that he was prejudiced when he received a five year prison term on his second degree felony offense (corrupting another with drugs). Appellant's Brief at 7. A review of the trial court's March 3, 2016 sentencing entry indicates appellant received a four year term which was ordered to be served concurrently with the other sentences, including the other four year term for trafficking.

{¶ 17} In addition, we do not have a transcript of the plea hearing for our review. As stated by our brethren from the Tenth District in *State v. Rembert,* 10th Dist. Franklin Nos. 16AP-543 and 16AP-544, 2017-Ohio-1173, ¶ 13:

> In the absence of a transcript, "this court must presume the regularity of the hearing." *State v. Smith*, 11th Dist. No. 2007-T-0076, 2008-Ohio-1501, ¶ 20. Where the transcript of the guilty plea hearing is not available, a reviewing court "cannot adequately determine whether appellant fully understood the sentencing consequences of his guilty plea, or what effect the alleged misinformation would have had on his guilty plea," and therefore the court "cannot conclude that a manifest injustice has occurred." *State v. Mack,* 11th Dist. No. 2005-P-0033, 2006-Ohio-1694, ¶ 19.

{¶ 18} Upon review, we do not find any ineffective assistance of counsel.

{¶ 19} Assignment of Error I is denied.

## II

{¶ 20} In his second assignment of error, appellant claims the trial court erred in denying his motion to withdraw his guilty pleas. We disagree.

{¶ 21} Crim.R. 32.1 governs withdrawal of guilty plea and states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The right to withdraw

a plea is not absolute and a trial court's decision on the issue is governed by the abuse of discretion standard. *State v. Smith,* 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 22} In *State v. Minkner,* 2d Dist. Champaign No. 2009 CA 16, 2009-Ohio-5625, ¶ 25, our brethren from the Second District explained "manifest injustice" as follows:

A defendant who files a post-sentence motion to withdraw his guilty plea thus bears the burden of establishing a "manifest injustice." *State v. Smith* (1977), 49 Ohio St.2d 261, paragraph one of the syllabus; *State v. Milbrandt,* Champaign App. No. 2007-CA-3, 2008-Ohio-761, at ¶ 8. A manifest injustice has been defined as "a clear or openly unjust act" that involves "extraordinary circumstances." *State v. Stewart,* Greene App. No. 2003-CA-28, 2004-Ohio-3574, at ¶ 6. "[A] 'manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." *State v. Hartzell* (Aug. 20, 1999), Montgomery App. No. 17499. "Crim.R. 32.1 requires a defendant making a postsentence motion to withdraw a plea to demonstrate manifest injustice because it is designed 'to discourage a defendant from pleading guilty to test the weight of

potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe.' " *State v. Boswell,* 121 Ohio St.3d 575, 2009-Ohio-1577, at ¶ 9, quoting *State v. Caraballo* (1985), 17 Ohio St.3d 66, 67.

{¶ 23} "Manifest injustice" relates to some "fundamental flaw in the proceedings which result in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Wooden,* 10th Dist. Franklin No. 03AP-368, 2004-Ohio-588, ¶ 10, quoting *State v. Hall,* 10th Dist. Franklin No. 03AP-433, 2003-Ohio-6939, ¶ 12.

{¶ 24} Appellant's arguments herein are the same arguments addressed in Assignment of Error I: "he was given incorrect legal advice by retained counsel and not appraised (sic) of ineffective assistance of counsel when counsel did not make Appellant aware of the correct statutory weight thresholds of the drug possession offenses in R.C. 2925.03(C)(4) and the subsequent penalty which accompanied the charge." Appellant's Brief at 9.

{¶ 25} Based upon our opinion in Assignment of Error I, we reject the arguments under this assignment of error.

{¶ 26} Appellant also argues the trial court should have held a hearing on his motion to withdraw his guilty pleas. As stated by this court in *State v. Walsh,* 5th Dist. Licking No. 14-CA-110, 2015-Ohio-4135, ¶ 24:

A trial court is not automatically required to hold a hearing on a post-sentence motion to withdraw a guilty plea. *State v. Spivakov,* 10th Dist. No. 13AP-32, 2013-Ohio-3343. A hearing must only be held if the

facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea. *State v. Harris,* 5th Dist. Coshocton No. 2013CA0013, 2014-Ohio-2633. Generally, a self-serving affidavit or statement is insufficient to demonstrate manifest injustice. *State v. Aleshire,* 5th Dist. Licking No. 2011-CA-73, 2012-Ohio-16. Further, a hearing is not required if the record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice. *State v. Cargill,* 9th Dist. Summit No. 27590, 27011, 2015-Ohio-661.

{¶ 27} In the absence of a transcript of the plea hearing, and because the allegations made in the motion to withdraw were insufficient to demonstrate a manifest injustice, we find the trial court did not abuse its discretion in ruling on the motion without conducting a hearing. *Smith, supra,* 49 Ohio St.2d 261.

{¶ 28} Upon review, we find the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty pleas.

{¶ 29} Assignment of Error II is denied.

{¶ 30} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Wise, Earle, J.

Hoffman, P.J. and

Wise, John, J. concur.

EEW/sg 410