OPINION
{¶ 1} Defendant-Appellant Shaun Kendrick appeals from a 10-year consecutive sentence ordered by the trial court following a reversal and remand from the Supreme Court based upon State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. On appeal Kendrick argues that the trial court erred in refusing to allow him to raise *Page 2 
sentencing issues beyond the narrow scope of the remand for re-sentencing, and he claims that the trial court erred in imposing more than a minimum sentence on remand. For the following reasons, we disagree with those claims and affirm the judgment of the trial court.
 I {¶ 2} In 2005 Kendrick pled guilty to seven counts of rape, and in exchange, the State dismissed eighteen other first-degree felonies. Six of those convictions were for rapes that had occurred prior to the July 1, 1996 effective date of the Senate Bill 2 sentencing laws, and the other one took place after that date. The trial court sentenced Kendrick to five consecutive, indeterminate sentences of 10 to 25 years and one concurrent sentence of 10 to 25 years for the pre-S.B. 2 rapes. The court also ordered a consecutive 10-year term for the post-S.B. 2 rape. We affirmed Kendrick's conviction and sentence. State v. Kendrick, Montgomery App. 20965, 2006-Ohio-311. Kendrick appealed to the Supreme Court.
 {¶ 3} In the meantime, Kendrick also filed an application to reopen his appeal in this Court. While that motion was still pending, the Supreme Court agreed to allow Kendrick's appeal on his sentencing issue only. The Court reversed Kendrick's post-S.B. 2 sentence and remanded the case for re-sentencing in line with its decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In re Ohio SentencingCases, 109 Ohio St.3d 411, 2006-Ohio-2394. We denied Kendrick's application to reopen in June, 2006.
 {¶ 4} Two months later, Kendrick appeared in the trial court for re-sentencing. The court sentenced Kendrick to ten years on the post-S.B. 2 count, to be served *Page 3 
consecutive to the other six consecutive sentences. Kendrick appeals from this sentence.
 II {¶ 5} Kendrick's First Assignment of Error:
 {¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED THIS APPELLATE COURT'S ORDER BY REFUSING TO PREMIT (SIC) APPELLANT TO RAISE ALL ISSUES OF SENTENCING' AT THE TIME OF HIS RE-SENTENCING."
 {¶ 7} In his first assignment of error, Kendrick contends that the trial court erred by prohibiting him from raising "other sentencing issues" at the time of his re-sentencing. However, because those issues were beyond the scope of the remand, we find no merit in that claim.
 {¶ 8} "Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." Nolan v. Nolan (1984), 11 Ohio St.3d 1, 462 N.E.2d 410, syllabus, approving and following State ex rel Potain v. Mathews (1979),59 Ohio St.2d 29, 32, 391 N.E.2d 343.
 {¶ 9} The only issue before the trial court on remand was re-sentencing on the post-S.B.2 rape conviction in light of State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In re Ohio SentencingCases, 109 Ohio St.3d 411, 2006-Ohio-2394, ¶¶ 5, 19. The doctrine of the law of the case prevented the trial court from considering arguments unrelated to that issue. See, e.g., State v. Bogan, Cuyahoga App. No. 87259, 2006-Ohio-3842 (motion to withdraw plea is outside the scope of remand for re-sentencing).
 {¶ 10} At the re-sentencing hearing Kendrick was represented by counsel, who *Page 4 
indicated that the original sentence was part of an agreement. Therefore, counsel did not ask for a change in the agreed-upon length of the sentence, but he did request that the sentence be run concurrently rather than consecutively. Moreover, counsel correctly agreed with the trial court's characterization that the only issue properly before the court was the re-sentencing of the post-S.B. 2 conviction.
 {¶ 11} Nevertheless, although the trial court had no obligation to do so, the record reflects that the court did consider Kendrick's unfiled pro se motion. See, State v. Keenan, 81 Ohio St.3d 133, 138, 198-Ohio-459 (criminal defendant has no right to hybrid representation). The judge read the motion, noted that it was a legal argument, and stated that he did not agree with it. The judge specified that Kendrick had no right to see his psychological and pre-sentence investigation reports, and the court clarified that no fine had been imposed as part of the judgment. Thus, Kedrick's arguments were, in fact, addressed despite being outside of the scope of the remand.
 {¶ 12} For these reasons, Kendrick's first assignment of error is without merit and is overruled.
 III {¶ 13} Kendrick's Second Assignment of Error:
 {¶ 14} "THE TRIAL COURT FURTHER ABUSED ITS DISCRETION AND IMPOSED AN ILLEGAL SENTENCE BY IGNORING THE LANGUAGE AND PRINCIPALS OF ORC 2929.14(B)."
 {¶ 15} Kendrick insists that the trial court was only permitted to impose a minimum, consecutive sentence on remand. In support of his claim, Kendrick claims that the Foster Court "only struck and excised certain portions" of R.C. § 2929.14(B) *Page 5 
and that in order to impose more than a minimum sentence, the trial court had to find on the record that he was currently serving or had served a prison term prior to the offense or that the shortest prison term will demean the seriousness of the defendant's conduct or will not adequately protect the public from future crime. Because the trial court made neither finding, he argues that the trial court was required to impose no more than a minimum sentence. We disagree.
 {¶ 16} The Supreme Court in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, held that R.C. § 2929.14(B) was unconstitutional because it required judicial fact finding. Id. at ¶ 1 of the syllabus, citations omitted. As a result the Court severed subsection (B) and excised it in its entirety. Id. at ¶ 2 of the syllabus and ¶ 97.
 {¶ 17} Kendrick's argument is in direct contradiction to the clear mandate of the Supreme Court. Rather than the trial court being required to impose a minimum sentence, the court had "full discretion to impose a prison sentence within the statutory range" without being required to make any findings or give any reasons for imposing more than minimum sentences or for ordering consecutive sentences. Id. at ¶ 7 of the syllabus.
 {¶ 18} Accordingly, Kendrick's second assignment of error is overruled.
 IV {¶ 19} Having overruled both of Kendrick's assignments of error, the judgment of the trial court is affirmed.
WOLFF, P.J. and GRADY, J., concur.
(Hon. George M. Glasser retired from the Sixth District Court of Appeals sitting by *Page 6 
assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1