[Cite as *State v. Powers*, 2011-Ohio-5977.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24476 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 09-CR-1743 |
| v. | : | |
| | : | |
| SEAN POWERS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

· · · · · · · · · · ·

## O P I N I O N

Rendered on the 18th day of November, 2011.

· · · · · · · · · · ·

MATHIAS H. HECK, JR., by R. LYNN NOTHSTINE, Atty. Reg. #0061560, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
         Attorney for Plaintiff-Appellee

LYNNE M. FLEMING, Atty. Reg. #0078520, Flanagan, Lieberman, Hoffman & Swaim, 15 West Fourth Street, Suite 100, Dayton, Ohio 45402
         Attorney for Defendant-Appellant

· · · · · · · · · · · ·

KLINE, J. (sitting by assignment)

{¶ 1} Sean Powers appeals the judgment of the Montgomery County Court of Common Pleas, which sentenced him to seventeen years in prison following our remand in *State v. Powers*, Montgomery App. No. 23696, 2010-Ohio-4044 (hereinafter "*Powers I*").

Powers argues that the trial court unconstitutionally applied a firearm specification to his conviction for unlawful discharge of a firearm. Powers also argues that the trial court erred in failing to merge his tampering with evidence and attempted murder convictions. Because both of Powers' arguments are (1) beyond the scope of our remand in *Powers I* and (2) not subject to review, we disagree. Accordingly, we affirm the judgment of the trial court.

I

{¶ 2} Powers brings this appeal as a result of his resentencing following our remand in *Powers I*. As we noted in *Powers I*, Powers pled no contest prior to trial, and, therefore, the facts in the record are not well developed. The record indicates that Powers shot an unarmed man three times, hitting him in the head and neck, chest, and right forearm. *Powers I* at ¶6. As a result of the gunshots, the victim suffered from paralysis from the neck down. Id.

{¶ 3} Following Powers' plea, the trial court found Powers guilty of six offenses. Specifically, Powers was found guilty of felonious assault (two counts), attempted murder, improper discharge of a firearm on or near prohibited premises, tampering with evidence, and having weapons under disability. Except for the weapons under disability charge, each of the offenses carried a firearm specification. The trial court merged the felonious assault offenses as well as the firearm specifications. The trial court, however, did not merge the felonious assault and attempted murder convictions. The trial court sentenced Powers to twenty-four years in prison.

{¶ 4} Powers appealed, and, in *Powers I*, we sustained the sole assignment of error. In *Powers I*, Powers argued that the trial court should have merged the felonious assault and

attempted murder offenses. We agreed and remanded the case to the trial court so that the State could choose whether to pursue punishment for the felonious assault offense or the attempted murder offense. The State chose to pursue punishment for attempted murder. The trial court's sentence following the resentencing hearing was essentially the same as the original sentence absent the seven-year felonious assault sentence, which had merged with the attempted murder offense. Thus, the trial court sentenced Powers to a seventeen-year prison term.

{¶ 5} Powers appeals and asserts the following assignments of error: I. "The TRIAL COURT ERRED IN FAILING TO DISMISS THE UNCONSTITUTIONAL FIREARM SPECIFICATION IMPOSED ON THE DISCHARGE OF A FIREARM COUNT." And, II. "THE TRIAL COURT ERRED IN IMPOSING A CONSECUTIVE PRISON TERM FOR POWERS' TAMPERING WITH EVIDENCE CONVICTION."

II

{¶ 6} For ease of analysis, we will consider both of Powers' assignments of error together. In his first assignment of error, Powers argues that attaching a firearm specification to a conviction for unlawful discharge of a firearm constitutes a Double Jeopardy violation. In his second assignment of error, Powers argues that the trial court erred by imposing consecutive sentences for his tampering with evidence and attempted murder convictions. We conclude that both arguments exceed the scope of our remand in *Powers I*, and, therefore, his claims are not subject to review.

{¶ 7} In *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, the Supreme Court of

Ohio analyzed the scope of (1) a trial court's resentencing hearing following an allied-offenses error and (2) an appeal from that resentencing decision. The *Wilson* court stated as follows: "A remand for a new sentencing hearing generally anticipates a de novo sentencing hearing. R.C. 2929.19(A). However, a number of discretionary and mandatory limitations may apply to narrow the scope of a particular resentencing hearing. * * * In a remand based only on an allied-offenses sentencing error, the guilty verdicts underlying a defendant's sentences remain the law of the case and are not subject to review. [*State v.*] *Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2[,] at ¶26-27. *Further, only the sentences for the offenses that were affected by the appealed error are reviewed de novo; the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review.* [*State v.*] *Saxon*[, 109 Ohio St.3d 176, 2006-Ohio-1245,] at paragraph three of the syllabus." *Wilson*, at ¶15 (emphasis added).

{¶ 8} "The law of the case doctrine requires lower courts to follow the mandates of reviewing courts when 'confronted [on remand] with substantially the same facts and issues as were involved in the prior appeal.' Thus, litigants are not permitted to make new arguments to the trial court on remand that were raised or could have been raised on the first appeal. '[A]ll questions which existed on the record, and could have been considered on the first petition in error, must ever afterward be treated as settled by the first adjudication of the reviewing court.'" *State v. Hultz*, Wayne App. No. 07CA43, 2008-Ohio-4153, at ¶5, quoting *Neiswinter v. Nationwide Mutual Insurance Co.*, Summit App. No. 23648, 2008-Ohio-37, at ¶10.

{¶ 9} "Absent extraordinary circumstances, such as an intervening decision by the

Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, syllabus, approving and following *State ex rel. Potain v. Mathews* (1979), 59 Ohio St.2d 29, 32.

{¶ 10} "The only issue before the trial court on remand was re-sentencing on the [attempted murder offense or the felonious assault offense.] * * * The doctrine of the law of the case prevented the trial court from considering arguments unrelated to that issue." *State v. Kendrick*, Montgomery App. No. 21790, 2007-Ohio-6136, at ¶9.

A.   Unlawful Discharge of Firearm and Firearm Specification

{¶ 11} In his first assignment of error, Powers argues that attaching a firearm specification to a conviction for unlawful discharge of a firearm constitutes a Double Jeopardy violation.   Essentially, Powers asserts that it is virtually impossible to unlawfully discharge a firearm *without* using a firearm. Therefore, Powers claims that attaching a firearm specification to the underlying conviction "will perpetually result in cumulative punishments for this single action."   Appellant's Brief at 8.   According to Powers, this constitutes Double Jeopardy, in violation of the United States and Ohio Constitutions.

{¶ 12} Powers' offense for improper discharge of a firearm was not affected by the appealed error in *Powers I*.   *Powers I* affected only the sentences for attempted murder and felonious assault.   Thus, any claimed error related to his sentence for improper discharge of a firearm, or the associated firearm specification, is "not subject to review."   *Wilson*, at ¶15. That is, any error in attaching a firearm specification to a discharge of a firearm offense would have been readily apparent when Powers filed his appeal in *Powers I*.   Therefore, because Powers could have raised the issue in *Powers I*, but chose not to, review of the issue is barred

under the doctrine of the law of the case.

{¶ 13} Accordingly, we overrule Powers' first assignment of error.

### B.  Tampering With Evidence Sentence

{¶ 14} In his second assignment of error, Powers argues that the trial court erred when it ordered him to serve his sentence for tampering with evidence consecutively to his sentence for attempted murder.  According to Powers, "[b]ecause there was no evidence taken to show that Powers' act of tampering with evidence, whatever it may have been, was an act separate from the murder attempt, and done with a separate animus than that representing his murder attempt, it appears Powers' sentence for his tampering conviction should have been imposed concurrently with his conviction for attempted murder, rather than consecutively." Appellant's Brief at 8-9.  Powers then articulates a hypothetical scenario, based on the available facts in the record, to show that Powers *could* have committed the attempted murder and tampering with evidence offenses in a manner that would require merger under R.C. 2941.25.  Thus, Powers argues that the offenses should have been merged as allied offenses of similar import.

{¶ 15} Powers argument, regarding whether his tampering with evidence and attempted murder offenses should have been merged, suffers from the same infirmity as the argument in his first assignment of error.  Specifically, Powers' argument is not subject to review.  Powers' tampering with evidence offense was not affected by the appealed error in *Powers I.*  And "only the sentences for the offenses that were affected by the appealed error are reviewed de novo[.]"  *Wilson*, at ¶15.  Thus, any claimed error, based on the assertion that the tampering with evidence and attempted murder offenses are allied offenses of similar

import, is "not subject to review." *Wilson*, at ¶15. The error Powers raises in his second assignment of error would have been readily apparent when Powers filed his appeal in *Powers I*. Therefore, because Powers could have raised the issue in *Powers I*, but chose not to, the issue is barred under the doctrine of the law of the case.

{¶ 16} Accordingly, we overrule Powers' second assignment of error.

III.

{¶ 17} In conclusion, having overruled both of Powers' assignments of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

. . . . . . . . . . . . .

GRADY, P.J., and FAIN, J., concur.

(Hon. Roger L. Kline, Fourth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).


Copies mailed to:

Mathias H. Heck
R. Lynn Nothstine
Lynne M. Fleming
Hon. Timothy N. O'Connell