[Cite as *State v. Kendrick*, 2012-Ohio-504.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

STATE OF OHIO                               :
                                           :
    Plaintiff-Appellee               :          Appellate Case No. 24626
                                           :
v.                                         :          Trial Court Case No. 03-CR-4234
                                           :
SHAUN D. KENDRICK, SR.                     :
                                           :          (Criminal Appeal from
    Defendant-Appellant     :          Common Pleas Court)
                                           :

. . . . . . . . . . .

## O P I N I O N

Rendered on the 10th day of February, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. #0020084, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

SHAUN D. KENDRICK, SR., #A489-082, Pickaway Correctional Institution, Post Office Box 209, Orient, Ohio 43146
    Defendant-Appellant, *pro se*

. . . . . . . . . . . .

KLINE, J. (sitting by assignment)

{¶ 1} Shaun D. Kendrick, Sr., appeals the denial of his Motion to Dismiss and Vacate Conviction Pursuant to R.C. 2505.02 & Crim.R. 32(A)(C). Kendrick argues that the trial court's termination entry was not a final appealable order, and, therefore, he is entitled to an

evidentiary hearing on why his case should not be dismissed. Because the proper remedy of the error in this case is not a new hearing or dismissal, we disagree. Accordingly, we affirm the judgment of the trial court.

I.

{¶ 2} On January 26, 2005, Kendrick accepted a plea deal and pled guilty to seven counts of rape. "Six of those convictions were for rapes that had occurred prior to the July 1, 1996 effective date of the Senate Bill 2 sentencing laws, and the other one took place after that date. The trial court sentenced Kendrick to five consecutive, indeterminate sentences of 10 to 25 years and one concurrent sentence of 10 to 25 years for the pre-S.B. 2 rapes. The court also ordered a consecutive 10-year term for the post-S.B. 2 rape. We affirmed Kendrick's convictions and sentence. *State v. Kendrick,* Montgomery App. 20965, 2006-Ohio-311 [hereinafter '*Kendrick I*']." *State v. Kendrick*, Montgomery App. No. 21790, 2007-Ohio-6136, at ¶2 (hereinafter "*Kendrick II*").

{¶ 3} The Supreme Court of Ohio reversed Kendrick's post-S.B. 2 sentence following our decision in *Kendrick I*. See *In re Ohio Sentencing Cases*, 109 Ohio St.3d 411, 2006-Ohio-2394, at ¶19. The case was remanded for re-sentencing in line with *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856. See *Kendrick II* at ¶3.

{¶ 4} The trial court re-sentenced Kendrick on remand to ten years on the post-S.B. 2 count, and, in August 2006, the trial court issued a new termination entry (hereinafter the "Resentencing Entry"). The court ordered Kendrick to serve that sentence consecutive to his other six sentences. Kendrick appealed following the resentencing hearing, and we affirmed

the trial court's decision. See *Kendrick II* at ¶19. The Supreme Court of Ohio declined to review our decision in *Kendrick II*. See *State v. Kendrick*, 117 Ohio St.3d 1441 (Table), 2008-Ohio-1279.

{¶ 5} On January 20, 2011, Kendrick filed a "Motion to Dismiss and Vacate Conviction Pursuant to R.C. 2505.02 & Crim.R. 32(A)(C)." In his motion, Kendrick argued that the trial court's Resentencing Entry was not a final appealable order. Kendrick asserted that, because there was no final appealable order properly sentencing him, the trial court should hold an evidentiary hearing and discharge Kendrick. The trial court denied Kendrick's motion.

{¶ 6} Kendrick appeals and asserts the following assignment of error:

{¶ 7} "THE TRIAL COURT ERRED IN NOT ISSUING A FINAL APPEALLABLE [sic] ORDER VIOLATING THE SIXTH & FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, §16 TO THE OHIO CONSTITUTION."

II.

{¶ 8} In his sole assignment of error, Kendrick argues that the trial court's Resentencing Entry does not meet the requirements of a final appealable order, and, therefore, he is entitled to a hearing on why his case should not be dismissed.

{¶ 9} Crim.R. 32(C) provides, in relevant part, as follows: "A judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence. * * * The judge shall sign the judgment and the clerk shall enter it on the journal.

A judgment is effective only when entered on the journal by the clerk."

{¶ 10} Thus, "[a] judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, syllabus.

{¶ 11} Kendrick asserts that the Resentencing Entry is not a final appealable order because it fails to set forth the manner of Kendrick's conviction. That is, the entry does not indicate that Kendrick pled guilty to the crimes for which he was convicted. The State concedes the error in the Resentencing Entry. Kendrick notes that it has been six years since his original sentence and five years since the Resentencing Entry. According to Kendrick, the trial court has failed to impose his sentence without unnecessary delay, and, therefore, he claims he is entitled to an evidentiary hearing on why his case should not be dismissed. Kendrick's argument is misplaced because dismissal is not the proper remedy for the trial court's error.

{¶ 12} A nunc pro tunc entry is the proper method for correcting clerical errors such as the error in this case. "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." Crim.R. 36. "A nunc pro tunc entry is often used to correct a sentencing entry that, because of a mere oversight or omission, does not comply with Crim.R. 32(C)." *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, at ¶17 (citations omitted). "Consistent with the treatment of Crim.R. 32(C) errors as clerical mistakes that can be

remedied by a nunc pro tunc entry, [the Supreme Court of Ohio has] expressly held that 'the remedy for a failure to comply with Crim.R. 32(C) is a revised sentencing entry rather than a new hearing.'" Id. at ¶18, quoting *State ex rel. Alicea v. Krichbaum*, 126 Ohio St.3d 194, 2010-Ohio-3234, at ¶2. And "the technical failure to comply with Crim.R. 32(C) by not including the manner of conviction * * * is not a violation of a *statutorily* mandated term, so it does not render the judgment a nullity." *Burge* at ¶19 (emphasis sic) (citations omitted). Also see *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204.

{¶ 13} Thus, the trial court properly denied Kendrick's motion because Kendrick sought relief that was unavailable to him. That is, Kendrick sought an evidentiary hearing on why his case should not be dismissed. The proper remedy, however, for a trial court's failure to set forth the manner of a defendant's conviction in a judgment entry is to issue a nunc pro tunc entry that corrects the error.[1]

{¶ 14} Accordingly, we overrule Kendrick's sole assignment of error, and we will affirm the judgment of the trial court.

. . . . . . . . . . . .

GRADY, P.J., and FAIN, J., concur.

(Hon. Roger L. Kline, Fourth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Mathias H. Heck

---

[1] We note that the trial court issued a nunc pro tunc entry reflecting Kendrick's plea of guilty on September 20, 2011.

Carley J. Ingram
Shaun D. Kendrick, Sr.
Hon. Michael Tucker