[Cite as *State v. Kendrick*, 2012-Ohio-5795.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                       :            C.A. CASE NO.    25100

v.                                               :            T.C. NO.    03CR4234

SHAUN D. KENDRICK, SR.                           :            (Criminal appeal from
                                                              Common Pleas Court)

    Defendant-Appellant                      :

                                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____7th____ day of ____December____, 2012.

. . . . . . . . . .

CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

JOSHUA S. CARTER, Atty. Reg. No. 0084925, 10044 Meadow Woods Lane, Dayton, Ohio 45458
    Attorney for Defendant-Appellant

SHAUN D. KENDRICK, SR.,  #A489-082, Pickaway Correctional Institution, P. O. Box 209, Orient, Ohio 43146
    Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}    Defendant-appellant Shaun D. Kendrick, Sr., appeals a decision of the trial court overruling his motion to withdraw his guilty plea in Case No. 2003-CR-4234. Kendrick filed a timely notice of appeal with this Court on March 16, 2012.

{¶ 2}    Appointed counsel for defendant-appellant Kendrick submitted an appellate brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging that no arguably meritorious issues exist for appeal.   After a thorough review of the record, this Court agrees that the trial court's proceedings were proper, and we affirm the trial court's judgment.

{¶ 3}    We set forth the history of the case in *State v. Kendrick*, 2d Dist. Montgomery No. 24626, 2012-Ohio-504, and repeat it herein in pertinent part:

{¶ 4}    "On January 26, 2005, Kendrick accepted a plea deal and pled guilty to seven counts of rape.   'Six of those convictions were for rapes that had occurred prior to the July 1, 1996 effective date of the Senate Bill 2 sentencing laws, and the other one took place after that date.   The trial court sentenced Kendrick to five consecutive, indeterminate sentences of 10 to 25 years and one concurrent sentence of 10 to 25 years for the pre-S.B. 2 rapes.   The court also ordered a consecutive 10-year term for the post-S.B. 2 rape.   We affirmed Kendrick's convictions and sentence. *State v. Kendrick,* Montgomery App. 20965, 2006-Ohio-311 [hereinafter '*Kendrick I*'].'   *State v. Kendrick*, Montgomery App. No. 21790, 2007-Ohio-6136, at ¶2 (hereinafter '*Kendrick II*')."

{¶ 5}    "The Supreme Court of Ohio reversed Kendrick's post-S.B. 2 sentence following our decision in *Kendrick I*.   See *In re Ohio Sentencing Cases*, 109 Ohio St.3d 411, 2006-Ohio-2394, at ¶19.   The case was remanded for re-sentencing in line with *State v.*

*Foster,* 109 Ohio St.3d 1, 2006-Ohio-856.   See *Kendrick II* at ¶3.”

**{¶ 6}**    “The trial court re-sentenced Kendrick on remand to ten years on the post-S.B. 2 count, and, in August 2006, the trial court issued a new termination entry (hereinafter the 'Resentencing Entry').   The court ordered Kendrick to serve that sentence consecutive to his other six sentences.   Kendrick appealed following the resentencing hearing, and we affirmed the trial court's decision.   See *Kendrick II* at ¶19.   The Supreme Court of Ohio declined to review our decision in *Kendrick II*.   See *State v. Kendrick*, 117 Ohio St.3d 1441 (Table), 2008-Ohio-1279.”

**{¶ 7}**    “On January 20, 2011, Kendrick filed a 'Motion to Dismiss and Vacate Conviction Pursuant to R.C. 2505.02 & Crim.R. 32(A)(C).'   In his motion, Kendrick argued that the trial court's Resentencing Entry was not a final appealable order.   Kendrick asserted that, because there was no final appealable order properly sentencing him, the trial court should hold an evidentiary hearing and discharge Kendrick.   The trial court denied Kendrick's motion.”

**{¶ 8}**    Kendrick appealed the trial court's decision, and we affirmed, holding that the proper remedy for a trial court's failure to set forth the manner of a defendant's conviction in a judgment entry is to issue a nunc pro tunc entry that corrects the error. *State v. Kendrick*, 2d Dist. Montgomery No. 24626, 2012-Ohio-504.   We note that the trial court issued a nunc pro tunc entry reflecting Kendrick's plea of guilty on September 20, 2011.

**{¶ 9}**    On September 12, 2011, Kendrick filed a motion to withdraw his guilty plea pursuant to Crim. R. 32.1 and Crim. R. 32(C).   In a judgment entry issued on February 22, 2012, the trial court overruled Kendrick's motion to withdraw his plea without conducting

a hearing.

**{¶ 10}** It is from this judgment that Kendrick now appeals.

**{¶ 11}** Counsel was appointed to represent Kendrick on appeal on April 25, 2012. On June 20, 2012, appointed counsel submitted an *Anders* brief, alleging that no arguably meritorious issues existed for appeal. By magistrate's order of June 22, 2012, we informed Kendrick that his counsel filed an *Anders* brief and informed him of the significance of an *Anders* brief. We invited Kendrick to file a pro se brief assigning any error for our review within sixty days. After requesting one extension of time, Kendrick filed his merit brief on September 20, 2012.

**{¶ 12}** Kendrick's sole assignment of error is as follows:

**{¶ 13}** "THE APPELLANT [sic] RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, DUE PROCESS AND EQUAL PROTECTION OF LAW AFFORDED TO HIM BY THE 5TH, 6TH, AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION HAS BEEN VIOLATED."

**{¶ 14}** In his sole assignment, Kendrick contends that the trial court erred when it overruled his motion to withdraw his plea. Specifically, Kendrick argues that coercive tactics and undue influence exerted by his trial counsel rendered his guilty plea involuntary.

**{¶ 15}** In his direct appeal, Kendrick previously argued that his counsel was ineffective, that he had entered his guilty plea out of frustration with his trial counsel's failure to file pre-trial motions, that he should have been permitted to withdraw his plea to preserve his right to appeal the trial court's rulings on his pre-trial motions, and that he received erroneous advice regarding pre-trial motions. Kendrick also asserted that the trial

court erred when it overruled his pre-sentence motion to withdraw his plea. We rejected Kendrick's claims regarding the ineffectiveness of his trial counsel in our decision affirming his conviction in *Kendrick I*. 2d Dist. Montgomery No. 20965, 2006-Ohio-311. We also held that the trial court did not err when it overruled Kendrick's pre-sentence motion to withdraw his guilty plea. *Id*.

{¶ 16} In the instant appeal, Kendrick argues that the trial court erred when it overruled his most recent motion to withdraw his guilty plea for the following reasons: 1) he was induced and coerced into entering a guilty plea; 2) his trial counsel was ineffective; 3) the trial court abused it discretion by accepting his "corrupt" plea; and 4) that he was denied equal protection of the law and due process.

{¶ 17} Upon review, we find that the entirety of Kendrick's claims in his second motion to withdraw his guilty plea either were or could have been addressed in his direct appeal or in a motion for post-conviction relief. Claims that could have been addressed on direct appeal or in a post-conviction relief motion in support of post-sentence motion to withdraw are insufficient to demonstrate the manifest injustice required by Crim. R. 32.1 in order to vacate a plea. *State v. Hartzell*, 2d Dist. Montgomery No. 17499, 1999 WL 957746 (Aug. 20, 1999). Additionally, any claims that were raised and rejected in a prior proceeding are barred by res judicata. The claims made by Kendrick regarding the ineffectiveness of his trial counsel were considered and rejected by us in *Kendrick I*. Those claims are, therefore, barred by res judicata. Any additional out-of-court representations that Hartzell claims his trial counsel made could have been the subject of a post-conviction motion for relief. Kendrick did not seek that relief. Accordingly he cannot demonstrate

that a manifest injustice resulted from what his attorney is alleged to have said in order to "induce" him into pleading guilty. Thus, we find that the trial court did not err when it overruled Kendrick's motion to withdraw his guilty plea.

{¶ 18}   Kendrick's sole assignment of error is overruled.

{¶ 19}   In the performance of our duty, under *Anders v. California,* to conduct an independent review of the record, we have found no additional potential assignments of error having arguable merit. We conclude that this appeal is wholly frivolous. Therefore, the judgment of the trial court is Affirmed.

. . . . . . . . . .

FAIN, J. and FROELICH, J., concur.

Copies mailed to:

Carley J. Ingram
Joshua S. Carter
Shaun D. Kendrick, Sr.
Hon. Michael L. Tucker