[Cite as *State v. Kendrick*, 2014-Ohio-2816.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 26042 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2003-CR-4234 |
| v. | : | |
| | : | (Criminal Appeal from |
| SHAUN D. KENDRICK | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of June, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. #0069829, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
  Attorney for Plaintiff-Appellee

SHAUN D. KENDRICK, SR., #A489-082, Pickaway Correctional Institution, Post Office Box 209, Orient, Ohio 43146
  Defendant-Appellant, *pro se*

. . . . . . . . . . . .

HALL, J.,

{¶ 1} Shaun Kendrick appeals pro se from the trial court's denial of his "motion to

request for public records release[.]"

{¶ 2} In his sole assignment of error, Kendrick contends the trial court erred in denying his motion.

{¶ 3} The record reflects that Kendrick, a prison inmate, made a public-records request in Dayton Municipal Court. He sought affidavits and other records related to one or more search warrants in his criminal case, which ended years ago with a guilty plea and sentencing on multiple counts of rape. The municipal court denied the public-records request because Kendrick had failed to comply with R.C. 149.43(B)(8). That statute requires an inmate seeking records related to a criminal investigation or prosecution to support his public-records request with a finding by the sentencing judge that the information sought is necessary to support what appears to be a justiciable claim.

{¶ 4} After the municipal court denied his request for lack of the required finding by the Montgomery County Common Pleas Court sentencing judge, Kendrick filed the motion at issue, asking the judge below to "grant the Dayton Municipal Court Clerk of Courts Mark E. Owens, to release the requested records that fall up under the public records act." (Doc. #4). In a memorandum accompanying his motion, Kendrick cited R.C. 149.43(B)(8). He also moved to proceed in forma pauperis. The trial court overruled the motions, reasoning:

> * * * It appears the defendant is requesting that this court order the Dayton Municipal Court Clerk of Court Mark E. Owens to release records to him and that this court order Dayton Municipal Court to do so without cost. This court does not have jurisdiction to order the Dayton Municipal Court to release the records or to order that such release [be] without cost to Mr. Kendrick. Therefore, Defendant's motions must be overruled by this Court.

(Doc. #6).

{¶ 5}    On appeal, Kendrick argues that the trial court did have jurisdiction "to make the determination to release the records." (Appellant's brief at 3). He asks us to remand the cause to the trial court with an order to release the records. (*Id.* at 4). For its part, the State does not address the trial court's jurisdiction to order the Dayton Municipal Court to release the records. Instead, the State argues that the trial court's decision was correct because Kendrick undeniably has no justiciable claim for the public records at issue to support. In reply, Kendrick insists the only issue before us is the trial court's jurisdiction to act.

{¶ 6}    Upon review, we believe the trial court arguably, albeit understandably, may have misinterpreted Kendrick's motion. Although the motion could have been worded more clearly, he appears to have been seeking *a finding* from the sentencing judge, as required by R.C. 149.43(B)(8), "that the information sought in the public record is necessary to support what appears to be a justiciable claim[.]" We believe the trial court had jurisdiction to make such a finding, if appropriate, which then could have been taken to the Dayton Municipal Court to obtain the records at issue.

{¶ 7}    But even if the trial court misinterpreted the nature of Kendrick's request, we see no error in its denial of his motion. In short, we find no basis for reversal where, as here, Kendrick plainly *does not* have any justiciable claim pertaining to the affidavits and other search-warrant-related records at issue. This court has found that an inmate is not entitled to public records under R.C. 149.43(B)(8) where he does not "identify any pending proceeding with respect to which the requested documents would be material[.]" *State v. Atakpu*, 2d Dist. Montgomery No. 25232, 2013-Ohio-4392, ¶ 9; *see also State v. Wilson*, 2d Dist. Montgomery

No. 23247, 2009-Ohio-7035, ¶ 5, citing *State v. Gibson*, 2d Dist. Champaign No. 06CA37, 2007-Ohio-7161, ¶ 13.

{¶ 8}    Here Kendrick did not identify any pending proceeding, and we are unaware of one. He originally entered his pleas and was sentenced in 2005. After his initial appeal, he was resentenced in August 2006.We affirmed the resentencing in 2007 and the Ohio Supreme Court declined to review that decision in 2008. Kendrick's convictions are final, and post-conviction actions have been completed. Moreover, as the State points out, his guilty pleas constitute complete admissions of guilt that would preclude him from raising any suppression issues related to affidavits or search warrants. Under these circumstances, we cannot conceive of Kendrick having any justiciable claim pertaining to the affidavits and other search-warrant-related records at issue. His motion in the trial court certainly did not establish the existence of any such claim. Accordingly, the trial court did not err in denying the motion.

{¶ 9}    Kendrick's assignment of error is overruled, and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FAIN and WELBAUM, JJ., concur.

Copies mailed to:

Mathias H. Heck
Michele D. Phipps
Shaun D. Kendrick, Sr.
Hon. Michael Tucker