[Cite as *State v. Kendrick*, 2022-Ohio-634.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29082 |
| | : | |
| v. | : | Trial Court Case No. 2003-CR-4234 |
| | : | |
| SHAWN D. KENDRICK, SR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 4th day of March, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

SHAUN D. KENDRICK, SR., Inmate No. A489-082, Pickaway Correctional Institution, P.O. Box 209, 11781 State Route 762, Orient, Ohio 43146
        Defendant-Appellant, Pro Se

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Shaun D. Kendrick, Sr.,[1] appeals pro se from the judgment of the Montgomery County Court of Common Pleas denying his petition for post-conviction relief filed on March 5, 2021. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} In 2003 and 2004, Kendrick was charged in three separate indictments for 17 counts of rape, three counts of aggravated robbery, five counts of kidnapping, and three counts of abduction. Pursuant to a plea agreement, Kendrick pled guilty to seven counts of rape in exchange for the State's dismissing all of the other indicted counts. Prior to sentencing, Kendrick moved to withdraw his guilty plea, but the trial court denied the motion. At sentencing, the trial court imposed five consecutive terms of 10 to 25 years in prison, one concurrent term of 10 to 25 years in prison, and one term of 10 years in prison to be served consecutively to all the other terms.

{¶ 3} Kendrick appealed from his conviction and raised several assignments of error in support of his appeal. Specifically, Kendrick challenged the trial court's denial of his presentence motion to withdraw his guilty plea, his motion to suppress, and his motion to sever certain counts in the indictment for a separate trial. Kendrick also argued that the trial court erred by imposing maximum, consecutive prison sentences and that his trial counsel provided ineffective assistance by advising him to enter a guilty plea. We

---

[1] Appellant's name is spelled both "Shawn" and "Shaun" in the trial court record and in appellant's various appeals. Notably, all of appellant's pro se filings use "Shaun"; therefore, we presume that "Shaun" is the correct spelling of appellant's name. However, in order to be consistent with the trial court's judgment that is on appeal, we use "Shawn" as opposed to "Shaun" in the caption of this appeal.

overruled all of Kendrick's assignments of error and affirmed the judgment of the trial court.   *State v. Kendrick*, 2d Dist. Montgomery No. 20965, 2006-Ohio-311 ("*Kendrick I*").

{¶ 4} Kendrick appealed our decision in *Kendrick I* to the Supreme Court of Ohio. The Supreme Court granted a discretionary appeal solely on the sentencing issue, reversed Kendrick's sentence, and remanded the matter for resentencing in accordance with *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.   *In re Ohio Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 411, 2006-Ohio-2394, 848 N.E.2d 809.   On remand, the trial court resentenced Kendrick, and Kendrick thereafter appealed from the resentencing judgment.   Following our review, we affirmed the judgment of the trial court.   *State v. Kendrick*, 2d Dist. Montgomery No. 21790, 2007-Ohio-6136 ("*Kendrick II*").   Kendrick then once again appealed to the Supreme Court of Ohio, but the Supreme Court did not accept the appeal for review.   *State v. Kendrick*, 117 Ohio St.3d 1441, 2008-Ohio-1279, 883 N.E.2d 458.

{¶ 5} Approximately one month before filing his appeal to the Supreme Court of Ohio in *Kendrick I*, on January 10, 2006, Kendrick filed a motion for leave to file a delayed petition for post-conviction relief and a corresponding petition.   In his motion for leave, Kendrick acknowledged that his petition for post-conviction relief was filed beyond the 180-day deadline that was in effect at that time.   Kendrick claimed that he had been unaware of the deadline because his appellate counsel did not let him know when the trial court transcript was filed for his appeal.   Kendrick also blamed the untimeliness of his petition on his inability to access the prison law library.   The trial court, however, denied Kendrick's motion for leave to file an untimely petition for post-conviction relief. Kendrick did not appeal from that decision.

{¶ 6} Approximately five years later, on January 20, 2011, Kendrick filed a second petition for post-conviction relief captioned: "Motion to Dismiss and Vacate Conviction Pursuant to R.C. 2505.02 & Crim.R. 32(A)(C)."  In support of the petition, Kendrick argued that his Sixth and Fourteenth amendment rights were violated because the resentencing entry had not met the requirements of a final appealable order. Specifically, Kendrick argued that the resentencing entry failed to set forth the manner of his conviction, i.e., that Kendrick pled guilty to the crimes for which he was convicted. The trial court, however, found that the error in the resentencing entry could be corrected by issuing a nunc pro tunc entry and therefore overruled Kendrick's petition.  Kendrick appealed from that decision and we affirmed the judgment of the trial court.  *State v. Kendrick*, 2d Dist. Montgomery No. 24626, 2012-Ohio-504 ("*Kendrick III*").

{¶ 7} On September 12, 2011, Kendrick filed a second motion to withdraw his guilty plea pursuant to Crim.R. 32.1 and Crim.R. 32(C).  The trial court overruled the motion without conducting a hearing, and Kendrick appealed.  On appeal, Kendrick's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), which asserted the absence of any issues with arguable merit for appeal.  In response, Kendrick filed a pro se brief arguing that his guilty plea was rendered involuntary by his trial counsel's allegedly engaging in coercive tactics and exerting undue influence over him.

{¶ 8} After reviewing the matter, we found that all of the claims that Kendrick raised in his second motion to withdraw his guilty plea were either addressed or could have been addressed in Kendrick's direct appeal or in a petition for post-conviction relief.  *State v. Kendrick*, 2d Dist. Montgomery No. 25100, 2012-Ohio-5795, ¶ 17 ("*Kendrick IV*").

Because of this, we found no manifest injustice warranting the withdrawal of Kendrick's plea. *Id.* We also found that the claims in Kendrick's motion were barred by the doctrine of res judicata. *Id.* Accordingly, we held that the trial court did not err by overruling Kendrick's second motion to withdraw his guilty plea. *Id.* We also held that there were no other issues with arguable merit for Kendrick to advance on appeal. *Id.* at ¶ 19.

{¶ 9} On December 3, 2013, a year after our decision in *Kendrick IV*, Kendrick filed a motion requesting the trial court to order the Dayton Municipal Court to release certain public records pursuant to R.C. 149.43(B)(8). The trial court overruled the motion on grounds that it did not have jurisdiction to order the municipal court to release the public records. Kendrick appealed from that decision, which this court later affirmed. *State v. Kendrick*, 2d Dist. Montgomery No. 26042, 2014-Ohio-2816 ("*Kendrick V*").

{¶ 10} After our decision in *Kendrick V*, on November 17, 2015, Kendrick filed a third motion to withdraw his guilty plea. In the motion, Kendrick raised several arguments challenging a search warrant issued by the Dayton Municipal Court, the territorial jurisdiction of the Dayton Police Department, the trial court's Crim.R. 11 plea colloquy, and one of the three indictments issued in the case, i.e., the "C indictment," which charged Kendrick with one count of rape and one count of kidnapping. Kendrick argued that the trial court dismissed the C indictment and abused its discretion by accepting his guilty plea to the rape count in that indictment.

{¶ 11} The trial court overruled Kendrick's third motion to withdraw his guilty plea on grounds that the motion failed to demonstrate a manifest injustice warranting the withdrawal of Kendrick's plea. The trial court reached this conclusion because it found that all of the arguments asserted in the motion could have been raised on appeal or

through a timely petition for post-conviction relief. The trial court also found that the arguments were barred by the doctrine of res judicata. Kendrick appealed from the trial court's decision overruling his third motion to withdraw guilty plea. We affirmed the judgment of the trial court. *State v. Kendrick*, 2d Dist. Montgomery No. 27133, 2017-Ohio-1306 ("*Kendrick VI*"). In affirming the trial court's decision, we noted that Kendrick's argument concerning the C indictment lacked merit because the record of the plea hearing established "that only Count 2 [(kidnapping)] of the C indictment, and not the entirety thereof, was dismissed, and [that] Kendrick pled guilty to Count 1 [(rape)] of the C indictment." *Id.* at ¶ 17.

{¶ 12} Approximately four years later, on March 5, 2021, Kendrick filed a third petition for post-conviction relief—the petition that is the subject of this appeal. In the petition, Kendrick argued that his conviction should be vacated based on five ineffective assistance of counsel claims, the first four of which center around Kendrick's C indictment. Kendrick argued that his trial counsel was ineffective for: (1) allowing him to plead guilty to the rape count in the allegedly dismissed C indictment; (2) failing to argue that he had the right to a new grand jury proceeding on the counts in the allegedly dismissed C indictment; (3) failing to argue that he had the right to confront his accusers at a new grand jury proceeding on the counts in the allegedly dismissed C indictment; and (4) failing to object to the State and/or the trial court not journalizing the alleged dismissal of the C indictment. For his fifth ineffective assistance of counsel claim, Kendrick argued that his trial counsel failed to object to Dayton Police Detective Phillip Olinger's authority to investigate his case on territorial jurisdiction grounds. According to Kendrick, Det. Olinger was restricted to investigating matters within Dayton, Ohio.

{¶ 13} On March 13, 2021, the State filed a motion to dismiss Kendrick's petition for post-conviction relief on grounds that the trial court lacked jurisdiction to consider the petition based on the petition's untimeliness. Shortly thereafter, on March 18, 2021, the trial court issued a decision and entry denying Kendrick's petition on grounds that it did not have jurisdiction over the matter. Approximately two weeks after the trial court issued its decision, Kendrick filed a motion requesting a 30-day extension to file a reply to the State's motion to dismiss. Kendrick then filed the instant appeal from the trial court's decision denying his March 5, 2021 petition for post-conviction relief.

{¶ 14} In support of his appeal, Kendrick raised six assignments of error for this court to review. For purposes of clarity, we will address Kendrick's assignments of error out of order.

### Second, Third, Fourth, Fifth, and Sixth Assignments of Error

{¶ 15} Kendrick's second, third, fourth, fifth, and sixth assignments of error mirror the ineffective assistance of counsel claims that Kendrick raised in his March 5, 2021 petition for post-conviction relief. As previously noted, the first four of those claims revolve around the C indictment, as Kendrick asserts that his trial counsel was ineffective for allowing him to plead guilty to the rape count in the allegedly dismissed C indictment, and by failing to raise various objections related to that matter. Kendrick also claims that his trial counsel was ineffective for failing to object to Det. Olinger's authority to investigate his case on territorial jurisdiction grounds. For the following reasons, the trial court did not err by denying Kendrick's March 5, 2021 petition for post-conviction relief.

*(1) The trial court lacked jurisdiction to review Kendrick's petition for post-conviction relief because the petition was untimely and successive.*

**{¶ 16}** When, as in this case, a direct appeal from a conviction has been taken, a petition for post-conviction relief must be filed no later than 365 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction. R.C. 2953.21(A)(2)(a). A trial court lacks jurisdiction to consider an untimely petition for post-conviction relief unless the untimeliness is excused under R.C. 2953.23(A). *State v. Current*, 2d Dist. Champaign No. 2012-CA-33, 2013-Ohio-1921, ¶ 16, citing *State v. Johnson*, 2d Dist. Montgomery No. 24775, 2012-Ohio-2542, ¶ 11. (Other citations omitted.)

**{¶ 17}** "Pursuant to R.C. 2953.23(A)(1)(a), a defendant may not file an untimely or successive petition for post-conviction relief unless (1) the defendant was unavoidably prevented from discovering the facts upon which he or she relies to present the claim, or (2) the United States Supreme Court recognizes a new federal or state right that applies retroactively to his or her situation and the petition asserts a claim based on that right." *State v. Baker*, 2d Dist. Montgomery No. 27596, 2017-Ohio-8602, ¶ 13. "The petitioner must also show by clear and convincing evidence that, if not for the constitutional error from which he suffered, no reasonable factfinder would have found him guilty." *Id.*, citing R.C. 2953.23(A)(1)(b).

**{¶ 18}** In this case, Kendrick's March 5, 2021 petition for post-conviction relief was filed almost 16 years after the transcript of the trial court proceedings was filed as part of Kendrick's direct appeal. Kendrick also filed two prior petitions for post-convictions relief—one in January 2006 and one in January 2011. Therefore, the petition for post-

conviction relief at issue in this appeal is both untimely and successive. As a result, the petition could have been properly considered by the trial court only if the statutory exceptions in R.C. 2953.23(A)(1) applied.

{¶ 19} Upon review, we find that Kendrick failed to establish any of the statutory exceptions for filing an untimely, successive petition for post-conviction relief. The ineffective assistance claims that Kendrick asserted in his petition are not based on a new federal or state right and Kendrick was not unavoidably prevented from discovering the pertinent facts underlying those claims. Rather, the pertinent facts were apparent from the trial court record and could have been discovered "through the exercise of reasonable diligence." (Citations omitted.) *State v. Shabazz*, 2d Dist. Greene No. 2017-CA-11, 2017-Ohio-7199, ¶ 12.

{¶ 20} In so holding, we note that Kendrick blamed the untimeliness of his petition on his trial counsel's alleged failure to notify him of the time limitation for filing a petition for post-conviction relief. However, "[w]e generally have held that a defendant's lack of knowledge of time limitations, even due to the failure of his attorney to notify him of such, does not establish that a defendant was 'unavoidably prevented' from filing a timely [petition]." *State v. Harwell*, 2d Dist. Montgomery No. 28104, 2019-Ohio-643, ¶ 22, citing *State v. Wells*, 2d Dist. Champaign No. 2010 CA 5, 2010-Ohio-3238, ¶ 23.

{¶ 21} Kendrick also blamed the untimeliness of his petition on his appellate counsel's alleged failure to timely provide him with a transcript of the trial court proceedings. However, Kendrick's petition included a March 16, 2006 letter from the Supreme Court of Ohio indicating that Kendrick's appellate counsel "forwarded all documents in his possession including [Kendrick's] trial transcripts to [Kendrick] on

January 25, 2006." Petition, Ex. 9. According to that letter, Kendrick had a transcript of the trial court proceedings 15 years before he filed his March 5, 2021 petition for post-conviction relief. Kendrick, however, provides no explanation for the 15-year delay in filing his petition.

{¶ 22} Regardless of that extreme delay, the transcript does not even support the ineffective assistance of counsel claims that Kendrick asserted in his petition for post-conviction relief, particularly those claims concerning the C indictment. As we noted in *Kendrick VI*, the transcript of Kendrick's plea hearing established that "only Count 2 [(kidnapping)] of the C indictment, and not the entirety thereof, was dismissed, and [that] Kendrick pled guilty to Count 1 [(rape)] of the C indictment." *Kendrick VI*, 2d Dist. Montgomery No. 27133, 2017-Ohio-1306, at ¶ 17; Plea Hearing Trans. (Jan. 24, 2005), p. 76-78, 83-84. The plea hearing transcript "further reflects that Kendrick acknowledged his understanding of the nature of his conduct as represented in Count 1 of the C indictment." *Id.*

{¶ 23} For all of the foregoing reasons, the untimely, successive nature of Kendrick's petition for post-conviction relief was not excused under R.C. 2953.23(A). Therefore, the trial court lacked jurisdiction to consider the petition.

*(2) The ineffective assistance of counsel claims that Kendrick raised in his petition for post-conviction relief were barred by the doctrine of res judicata.*

{¶ 24} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due

process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 176, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

**{¶ 25}** " 'If an alleged constitutional error [such as ineffective assistance of counsel] could have been raised and fully litigated on direct appeal, the issue is res judicata and may not be litigated in a post[-]conviction proceeding.' " *State v. Lane*, 2d Dist. Greene No. 2014-CA-54, 2015-Ohio-2712, ¶ 13, quoting *State v. Franklin*, 2d Dist. Montgomery No. 19041, 2002-Ohio-2370, ¶ 9, citing *Perry* at 180. Therefore, "[a]ny ineffective assistance claim relating to matters contained within the record should be brought through a direct appeal." *Id.*, citing *State v. Wilson*, 2d Dist. Montgomery No. 23129, 2013-Ohio-180, ¶ 47-48; *State v. Crossley*, 2d Dist. Clark No. 2020-CA-10, 2020-Ohio-6640, ¶ 21.

**{¶ 26}** "Res judicata not only applies to claims that could have been or were raised on direct appeal, ' "but to all post[-]conviction proceedings in which an issue was or could have been raised." ' " *State v. Becraft*, 2d Dist. Clark No. 2018-CA-96, 2019-Ohio-2348, ¶ 15, quoting *State v. Heid,* 4th Dist. Scioto No. 15CA3710, 2016-Ohio-2756, ¶ 18, quoting *State v. Montgomery*, 2013-Ohio-4193, 997 N.E.2d 579, ¶ 42 (8th Dist.) "More specifically, 'res judicata applies to bar raising piecemeal claims in successive post[-]conviction relief petitions or motions to withdraw a guilty plea that could have been raised, but were not, in the first post-conviction relief petition or motion to withdraw a guilty plea.' " *Id.*, quoting *State v. McCain*, 2d Dist. Montgomery No. 27195, 2017-Ohio-7518, ¶ 35.

**{¶ 27}** As previously discussed, the first four ineffective assistance of counsel claims that Kendrick raised in his March 5, 2021 petition for post-conviction relief revolved around Kendrick's trial counsel's allowing Kendrick to plead guilty to the rape charge in

the C indictment, which Kendrick incorrectly claims was dismissed. Kendrick's fifth ineffective assistance of counsel claim concerned his trial counsel's failing to object to the investigating detective's allegedly acting outside of his territorial jurisdiction. All of these claims are barred by res judicata because they concern matters that were contained within the record and therefore could have been raised in Kendrick's direct appeal or in one of Kendrick's prior petitions for post-conviction relief. Moreover, although not couched as ineffective assistance of counsel claims, Kendrick raised similar claims concerning his C indictment and the Dayton Police Department's territorial jurisdiction in his third motion to withdraw his guilty plea, and we affirmed the trial court's decision overruling those claims in *Kendrick VI*. Therefore, the claims in Kendrick's petition have already been addressed by this court and are barred by res judicata for that reason as well.

{¶ 28} Because the trial court did not have jurisdiction to consider Kendrick's untimely, successive petition for post-conviction relief, and because the ineffective assistance of counsel claims raised in the petition were barred by the doctrine of res judicata, Kendrick's second, third, fourth, fifth, and sixth assignments of error are overruled.

### First Assignment of Error

{¶ 29} Under his first assignment of error, Kendrick contends that the trial court erred by prematurely denying his petition for post-conviction relief. Kendrick asserts that pursuant to Crim.R. 6(C) and (D), he had until March 23, 2021, to file a reply to the State's

motion to dismiss his petition, and that the trial court denied his petition five days before that date, on March 18, 2021. The State concedes the trial court erred in that regard, but claims that said error was harmless. We agree.

**{¶ 30}** Crim.R. 52(A) defines harmless error in the context of criminal cases and provides that: "Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Under the harmless-error standard of review, "the government bears the burden of demonstrating that the error did not affect the substantial rights of the defendant." (Emphasis omitted.) *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 15, citing *United States v. Olano*, 507 U.S. 725, 741, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). (Other citation omitted.) The Supreme Court of Ohio has stated that to affect the substantial rights of the defendant, " 'the error must have been prejudicial: It must have affected the outcome of the [trial] court proceedings.' " (Emphasis omitted.) *State v. Fisher*, 99 Ohio St.3d 127, 2003-Ohio-2761, 789 N.E.2d 222, ¶ 7, quoting *Olano* at 734. "Accordingly, Crim.R. 52(A) asks whether the rights affected are 'substantial' and, if so, whether a defendant has suffered any prejudice as a result." *State v. Harris*, 142 Ohio St.3d 211, 2015-Ohio-166, 28 N.E.3d 1256, ¶ 36, quoting *State v. Morris*, 141 Ohio St.3d 399, 2014-Ohio-5052, 24 N.E.3d 1153, ¶ 24-25.

**{¶ 31}** Considering the trial court's lack of jurisdiction over Kendrick's petition for post-conviction relief, and the application of res judicata to the ineffective assistance of counsel claims asserted therein, we find that the outcome of the petition would not have changed even if the trial court had waited the correct amount of time before denying the petition. That is, Kendrick's petition would have been denied regardless of whether Kendrick was given the opportunity to file a reply to the State's motion to dismiss his

petition, as Kendrick would not have been able to raise any new arguments in his reply. *See* R.C. 2953.21(A)(4) ("A petitioner shall state in the original or amended petition * * * all grounds for relief claimed by the petitioner. * * * [A]ny ground for relief that is not so stated in the petition is waived."). Because of this, we find that the trial court's error did not affect a substantial right and did not prejudice Kendrick. Therefore, the trial court's error was harmless and may be properly disregarded under Crim.R. 52(A).

{¶ 32} Kendrick's first assignment of error is overruled.


## Conclusion

{¶ 33} Having overruled all assignments of error raised by Kendrick, the judgment of the trial court denying Kendrick's March 5, 2021 petition for post-conviction relief is affirmed.

. . . . . . . . . . . .


DONOVAN, J. and EPLEY, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Shaun D. Kendrick, Sr.
Hon. Gerald Parker